Nov. Term, 1855.

STARRY
v.
WINNING.

---

## STARRY *v.* WINNING.

County surveyors in office at the adoption of the constitution of 1851, did not continue in office after the constitution took effect.

When a point of law is reserved for the decision of the Supreme Court, the record must show that it contains all the evidence relating to the point.

The record in this cause showed, generally, that the judge of the Circuit Court appointed *A.* to preside as judge *pro tem.* The proceeding was under the R. S. 1852.

*Held*, that the appointment must be presumed to have been made in pursuance of the provisions of the act organizing Circuit Courts.

*Held*, also, that there was no constitutional objection to the appointment.

The provisions of said act are directory, and a substantial compliance with them is sufficient.

A motion for a new trial, under s. 601, 2 R. S. 1852, p. 167, was overruled.

Nov. Term,
1855.

STARRY
v.
WINNING.

Wednesday,
December 19.

The record did not show that the party who made the motion tendered the costs. *Held*, that the motion must be presumed to have been correctly overruled.

APPEAL from the *Warren* Circuit Court.

STUART, J.—Ejectment, commenced in *March*, 1853, under the old practice. Trial in *June*, 1853, under the new practice. Verdict and judgment for *Winning*, the lessor of the plaintiff.

The motion for a new trial interposed by *Starry*, was overruled. The evidence is not set out in the record.

Sundry bills of exceptions are taken by *Starry*—

1. To the admission of certain evidence.

2. To the refusal of certain instructions.

3. As a further objection, the want of jurisdiction in the Court trying the cause is urged.

The first objection is to the admission of the evidence of one *Perrin Kent*.

It appears that *Kent* was, in *June*, 1850, appointed surveyor of *Warren* county by the board of commissioners. By the former law on that subject, the term of such office was three years, and until his successor was appointed and qualified. He was offered as a witness to prove an official survey made by him of the premises in dispute in *September*, 1852. *Starry* objected, but the objection was overruled and *Kent's* evidence admitted.

The point of objection to *Kent's* evidence in relation to the official survey, is, that upon the coming in of the new constitution in *November*, 1851, his term of office under the appointment ceased. Hence, that his survey made in the fall of 1852, could not be received as official.

That no inconvenience might ensue from the adoption of the new constitution, the 10th section of the schedule provides, that any person elected by popular vote, and then in any office continued by the constitution, shall continue for the term, but not for a longer period than the term of such office as fixed by the constitution. The office of surveyor is one of those continued by the constitution; section 2, article 6; and the term of office is two years. *Id.* But the other condition is wanting. These surveyors in

office at the adoption of the constitution, had not been elected by popular vote. They held their offices by appointment. The county surveyor is, therefore, not one of the officers continued by the 10th section of the schedule.

Unless he held the office of surveyor by some other tenure than the appointment of the commissioners in *June*, 1850, his survey made in the fall of 1852 was not official.

As the evidence on this point is not in the record, we do not know but that he might, in *September*, 1852, have held the office by election, or by a subsequent appointment to fill a vacancy. If so, the evidence was properly admitted. True, the record shows some evidence in relation to his appointment as surveyor in 1850. But it nowhere appears that this was all the evidence on that point. For all the record discloses, it might have been shown that he was legally in office at the time of the survey in *September*, 1852. This much we are bound to presume in favor of the action of the Court, unless the record affirmatively discloses a different state of facts.

The second objection admits of the same solution. The instructions which the Court below refused to give, assume the same ground as that assumed in *Kent's* evidence, viz., that he was not the county surveyor in *September*, 1852. Grant that he was not such by virtue of his appointment in 1850, it does not follow that he might not still have been such officer at the time of the survey made. If that fact appeared in evidence in the Court below, and we will presume in favor of the ruling in that Court that it did, there was no error in refusing the instruction, for, on that presumption, the instructions sought were irrelevant. It was clearly immaterial what effect the constitution had on his former appointment, if it appeared in evidence that, at the time of the survey in *September*, 1852, he was county surveyor.

We do not propose to lay any stress on his being an officer *de facto*, nor on the admissibility of the evidence for some purposes, independent of its official character. We put it upon the ground that the record must contain, and must purport to contain, all the evidence relating to

the point of exception. And this is not only in accordance with the analogous ruling of this Court on questions where the record does not disclose all the evidence, nor purport to do so, but it is clearly in accordance with the practice under the new code. The cause was tried after the new practice act came in force, and counsel insist that the record, as to the point of objection, is made up in compliance with that practice. Section 347, 2 R. S., 116. But that section is modified by section 344, *id.*, p. 115, viz., "the objection must be stated with so much of the evidence as is necessary to explain it." It is very clear that all the evidence touching that point, is necessary to explain it. Nothing less will put the Supreme Court in a position to judge correctly of the point reserved.

On this record, therefore, which does not purport to contain all the evidence, even on the point reserved, we can only say that on one hypothesis the ruling of the Court was erroneous, on the other it was correct. The presumption which we must indulge, is, therefore, in favor of the correctness of the Court below.

It is objected, thirdly, that the Court had no jurisdiction. The record shows that *S. C. Willson* was duly appointed judge *pro tem.*, by judge *Bryant.* We see no valid constitutional objection to such appointment. Section 10 of article 7 of the constitution, provides "that in case of the temporary inability of any judge to hold Courts in his circuit, provision may be made by law for holding such Courts." Chapter 4, 2 R. S. 1852, p. 5, is framed to meet the exigency contemplated by the *constitution.* The appointment of Mr. *Willson* as judge, is presumed to be in pursuance of that act. Its provisions have already been reviewed and held directory, in *Murphy* v. *Barlow*, 5 Ind. R. 230. A substantial compliance with what is directed seems sufficient.

*Starry* insists in argument that he was entitled to a new trial, under the statute, upon the payment of costs. 2 R. S.. p. 167, s. 601. Perhaps he was. But the record does not show that he moved for a new trial and tendered the costs. This was essential. He moved for a new trial in

the ordinary form. For aught that appears on the record, the motion in that form was correctly overruled.

*Per Curiam.*—The judgment is affirmed with costs.

*J. R. M. Bryant* and *I. Naylor*, for the appellant.

*R. A. Chandler*, for the appellee.