Hedrick *et al. v.* Hedrick.

———•◆•———

No. 8262.

HEDRICK ET AL. *v.* HEDRICK.

PRACTICE.—*Evidence.*—*Bill of Exceptions.*—*Presumption.*—Where a question of law is reserved under section 347 of the code, the bill of exceptions must contain the evidence relating to the points of exception to a refusal of the court to permit certain questions to be asked a witness upon the trial of a cause; and, in the absence of such evidence, the Supreme Court will presume in favor of the ruling of the trial court.

From the Franklin Circuit Court.

*J. F. McKee* and *D. W. McKee*, for appellants.
*S. S. Harrell*, for appellee.

BICKNELL, C.—This was an action by the appellee against the appellants to foreclose a mortgage of land, and to enjoin the appellants against impairing the mortgage security, by cutting down timber. Issues were joined on the complaint, answers and replies; the cause was tried by a jury. The appellants excepted to the refusal of the court to permit certain questions to be put to the appellant Edward Hedrick, a witness in his own behalf. The jury returned a verdict for the appellee; the appellants moved for a new trial, alleging that the court erred in refusing to permit the proposed questions; the motion was overruled, and judgment was rendered against the appellants for the foreclosure of the mortgage and for a perpetual injunction. The appeal comes up on the bill of exceptions only, on questions of law reserved under section 347 of the practice act, upon the refusal of the court to admit said proposed questions.

The error assigned is that the court erred in overruling the motion for a new trial. It was held, in *Starry* v. *Winning*, 7 Ind. 311, that the bill of exceptions, in such cases, "must contain, and must purport to contain, all the evidence relating to the point of exception." The court said, that section 347, 2 R. S., p. 116, is modified by section 344, *id.*, p. 115; thus "the objection must be stated with so much of the evidence as is necessary to explain it." "Nothing less will put the Supreme Court in a position to judge correctly of the point reserved."

In *Mitchell* v. *Dibble*, 14 Ind. 526, it was held that, if improper admission of testimony be complained of, the bill of exceptions should distinctly present the points and the statement by the court of such facts as may have affected the decision. The court said: "The bill of exceptions is not so made as to distinctly present the points, and there is no statement of the court of such facts as may have existed rendering the admission of the evidence proper or improper." The language of said section 347 is, "the court shall thereupon

cause the bill of exceptions to be so made that it will distinctly and briefly embrace so much of the record of the cause only, and the statement of the court, as will enable the Supreme Court to apprehend the particular question involved."

In the case now before us, the bill of exceptions does not contain, or purport to contain, any of the evidence given in the cause. In the absence of any evidence relating to the points of exception, we are bound to presume that the evidence, if present, would sustain the rulings of the court and justify the overruling of the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court be, and the same is hereby, in all things affirmed, at the costs of the appellants.