No. 8111.

## DOWNS v. OPP, ADMINISTRATOR.

REAL ESTATE, ACTION TO RECOVER.—*Complaint.*—*Descriptio Personæ.*—*Demurrer.*—*Administrator.*—In the caption of a complaint in ejectment, giving the title of the cause, the plaintiff was described as "administrator of the estate of R., deceased," but it was averred in the body of it that the plaintiff was the owner and entitled to possession of the land, without any statement that he claimed as administrator, or that the estate of the intestate had any interest in it.

*Held*, that the words in the caption must be regarded as *descriptio personæ*, and that a demurrer to the complaint did not present any question as to the right of the administrator to recover possession of lands of the estate.

BILL OF EXCEPTIONS.—*Appeal.*—*Question Reserved.*—*Evidence.*—*Presumption.*—When an appeal is taken according to section 630, R. S. 1881, upon a bill of exceptions only, and the question reserved is upon the exclusion of the defendant's evidence, the bill of exceptions should show enough of the case to develop the relevancy of the evidence rejected; else it will be presumed that it was not relevant.

From the Tippecanoe Circuit Court.

*J. A. Wilstach* and *J. W. Wilstach,* for appellant.

*G. O. Behm, A. O. Behm* and *J. Park,* for appellee.

NEWCOMB, C.—This was an action by the appellee to recover a tract of forty acres of land. A demurrer to the complaint was overruled, and this is assigned for error.

The argument of the appellant against the sufficiency of the complaint is thus stated : " The complaint is ejectment by an administrator, without any averment as to the absence of heirs. It is not disputed that in the collection of notes and accounts the designation as administrator copied from the cause of action is *descriptio personæ*, which may be disregarded. But here he makes a part of his complaint the statement that he is administrator, and that as such he claims control of the land." Counsel for appellant are at fault in their statement of the complaint. True, in the caption, giving the names of the parties, the plaintiff is described as "Adm'r of the estate of Peter Randles, dec.," but in the body of the

complaint there is no statement that he claims title as administrator, nor that the estate of Peter Randles is in any way interested in the land. The complaint is in the usual form, and avers that the plaintiff is the owner and entitled to the possession of the land described. There is no statement of the source of his title or claim. We conclude, therefore, that the recital in the caption is merely *descriptio personæ,* and that the question of the right of an administrator to maintain an action for the recovery of land belonging to the estate of his decedent is not presented by the complaint and demurrer. The demurrer was correctly overruled.

When the cause was called for trial the defendant moved for a continuance, and in support of the motion presented his affidavit, stating that Benjamin Randles, resident in the State of Kansas, was a material witness for him, and showing sufficient diligence in his efforts to procure the testimony of said witness. The facts expected to be elicited by an examination of the absent witness were stated as follows: " That said Benjamin Randles is one of the heirs of Peter Randles, deceased, and that as such heir he is entitled to a distributive share of the estate of said decedent, to an amount, as this affiant is informed and believes, of at least one thousand dollars; that his, said Benjamin Randles', indebtedness to said estate (besides a mortgage debt provided for and now cancelled by the sale of eighty acres of said Benjamin Randles' lands) was in the form of two promissory notes aggregating $550, money advanced to him as such heir by said decedent; that said John Opp, not disclosing the fact that such distributive share would be coming to said Benjamin Randles, put said promissory notes in suit, and on the 21st day of September, 1875, obtained judgment thereon in this court for $649.45; and, in taking said judgment, said Opp agreed with said Benjamin Randles that he would set off said judgment against his said distributive share, but not regarding his said agreement, but in fraudulent violation thereof, obtained on the 13th day of October, 1877, an *ex parte* order of this court that he, said

Opp, as administrator, might bid in said forty acres and hold the same as trustee for the heirs of said decedent, and that he did so bid it in and now holds it as such trustee for said heirs and especially for said Benjamin Randles and for this affiant, and that said Opp should have set off against said debt, as put in judgment and execution, the said distributive share of said Benjamin Randles, and left said real estate undisturbed; and further that said Benjamin Randles has a valid claim against the estate of said decedent for work and labor to the amount of about four hundred dollars, besides interest thereon, and this claim he has not filed against the estate, because he has been assured by said administrator that it would be allowed him in the final settlement, without the trouble and expense of filing the same; that under these circumstances the said Benjamin Randles conveyed to this affiant the said forty acres by deed from said Benjamin Randles and wife, of date August 24th, 1877."

The plaintiff thereupon admitted that the witness, if present, would testify to the facts alleged in the affidavit, and on this admission the motion for a continuance was overruled. This admission entitled the defendant to use the affidavit as evidence on the trial, in case the facts stated were competent evidence.   2 R. S. 1876, p. 164, section 322.

On the trial, and at the proper time, the defendant offered the affidavit in evidence, but the court, on the objection of the plaintiff, as recited in the bill of exceptions, "excluded said affidavit and every part thereof from the consideration of the jury, on the ground, among others, that the said Benjamin Randles was not a party to this suit."

The defendant excepted, reserved the question of law, and notified the trial court that he intended to take the question of law to the Supreme Court on the bill of exceptions only.

There was a verdict for the plaintiff; defendant's motion for a new trial was overruled, and judgment on the verdict.

The additional errors assigned are:

" 2. That the court erred in excluding from the considera-

tion of the jury the statements of Benjamin Randles, as set forth in the affidavit for continuance.

"3. The court erred in overruling the motion for a new trial."

This appeal is based on section 347 of the code of practice, which is as follows:

" Either party may reserve any question of law decided by the court, during the progress of the cause, for the decision of the Supreme Court. Any question of law so reserved, may be taken to the Supreme Court upon the bill of exceptions showing the decision; or, if it arises on demurrer, upon the pleadings involved. When the question so reserved is shown by bill of exceptions, the party excepting shall notify the court that he intends to take the question of law to the Supreme Court upon the bill of exceptions only, and the court shall thereupon cause the bill of exceptions to be so made that it will distinctly and briefly embrace so much of the record of the cause only, and the statement of the court, as will enable the Supreme Court to apprehend the particular question involved."

It is provided in section 344, that the objection must be stated with so much of the evidence as is necessary to explain it, and no more.

It was held, in *Starry* v. *Winning,* 7 Ind. 311, that these two sections must be construed together. The appellant's counsel have presented, ably and at length, the questions they assume to be involved, as follows:

" 1. That the judgment of the plaintiff against Benjamin Randles was obtained by fraud, and that the defendant, his grantee, could properly prove that fact as a defence to the action.

" 2. That the court having probate jurisdiction was not empowered by section 71 of the act providing for the settlement of decedents' estates—2 R. S. 1876, p. 518—to authorize the administrator to purchase the land in question at sheriff's sale, but that said section has reference to personal property only; wherefore the plaintiff did not acquire title by the sheriff's sale mentioned in the affidavit.

" 3. That the issuing of an execution and the purchase of the land thereunder by the plaintiff, after agreeing with Benjamin Randles to set off the judgment against his distributive share of Peter Randles' estate, was such a fraud as vitiated the sale."

On a careful review of the record, we are of the opinion that these questions are not so presented as to justify us in deciding them. There is no statement in the bill of exceptions of the nature of the title under which the plaintiff claimed a recovery, nor that he gave in evidence, or relied at all, upon the alleged sheriff's sale referred to in the affidavit for a continuance. For aught that appears in the record, the plaintiff may have recovered upon a totally different title. It is impossible, therefore, for us to say that the circuit court erred in excluding the affidavit. Among the " other reasons " given by the court below for excluding the affidavit, that of irrelevancy may have been one; and we must presume in favor of the rulings of the trial court, unless they are clearly shown to have been erroneous.

In support of our conclusions, we refer to the following previous rulings of this court in like cases: In *Starry* v. *Winning, supra,* objection was made in the trial court to the evidence of an alleged official survey of land by one Kent, on the ground that his office of county surveyor had terminated before the survey in question, by the provisions of the 10th section of the schedule of the constitution of 1851. In the opinion, STUART, J., said: " As the evidence on this point is not in the record, we do not know but that he might, in *September,* 1852, have held the office by election, or by a subsequent appointment to fill a vacancy. If so, the evidence was properly admitted. True, the record shows some evidence in relation to his appointment as surveyor in 1850. But it nowhere appears that this was all the evidence on that point. For all the record discloses, it might have been shown that he was legally in office at the time of the survey in *September,* 1852. This much we are bound to presume in favor of the action of the court, unless the record affirmatively discloses a different state

of facts. * * We do not propose to lay any stress on his being an officer *de facto*, nor on the admissibility of the evidence for some purposes, independent of its official character. We put it upon the ground that the record must contain, and must purport to contain, all the evidence relating to the point of exception."

In *Mitchell* v. *Dibble*, 14 Ind. 526, it was held that, when the improper admission of evidence was complained of, the bill of exceptions, under sec. 347 of the code, must state such facts as existed, rendering the admission of the evidence proper or improper.

In *Hedrick* v. *Hedrick*, 74 Ind. 78, where the point of objection was that the court below excluded competent evidence, BICKNELL, C. C., in considering what is necessary to be shown in a bill of exceptions in a case reserved under sec. 347, said : " In the case now before us, the bill of exceptions does not contain, or purport to contain, any of the evidence given in the cause. In the absence of any evidence relating to the points of exception, we are bound to presume that the evidence, if present, would sustain the rulings of the court and the overruling of the motion for a new trial."

In *Bissell* v. *Wert*, 35 Ind. 54, a judgment was reversed on the ground that erroneous instructions had been given, although the evidence was not in the record ; but the bill of exceptions stated that there had been evidence given to the jury tending to prove certain facts to which the instructions were applicable. In the case at bar, however, none of the evidence is in the record, nor is there any statement in the bill of exceptions that evidence was introduced to which the excluded testimony could have been applicable or relevant.

For the reasons above given, the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below .be and it is hereby in all things affirmed, at the costs of the appellant.

Opinion filed at the May term, 1881.

Petition for a rehearing overruled at the May term, 1882.