No. 8573.

## SHORT v. STUTSMAN ET AL.

PRACTICE.—*Reserved Question of Law.—Appeal to Supreme Court.—Statute Construed.*—A reserved question of law can not be presented under section 630, R. S. 1881, unless it appears that the particular question virtually arose, and was decided by the trial court, during the progress of the cause.

SAME.—*Exception.—Instruction.—Record.*—A party can not formulate such question of law as he conceives to be involved in the pleading or to arise upon the facts proved, and present it to the Supreme Court under said section 630; and where such question arises upon an instruction, the record must contain the instruction, and it must appear that an exception was taken to the ruling of the court.

From the Elkhart Circuit Court.

*L. Warner, J. M. Vanfleet* and *E. C. Bickel,* for appellant.
*J. H. Baker* and *J. A. S. Mitchell,* for appellees.

BEST, C.—The questions sought to be presented by this record are brought upon bill of exceptions only, under section 347 of the code.

The bill of exceptions recites, " That at the proper time the plaintiff notified the court that it desired to take the following questions of law to the Supreme Court, under section 347 of the code, to wit:

" 1st. Did the fact that Longley procured Miller to sign said bond on Sunday, delivering the same to the plaintiff on a secular day, without notice that it was signed on Sunday, give Miller a valid defence to the bond?

"2d. Was or was not the defendant Miller bound by his agreement to pay said debt, made after a breach of the condition of said bond?

" 3d. Was there any issue under which the defendants could prove that the corporation plaintiff was not the real party in interest, or that said Alfred Short owned said claim individually?

" Whereupon the court, on motion of the plaintiff, in order

to enable the Supreme Court to apprehend and properly determine the above points, ordered that the following matter be made part of the record, to wit:

" 1st. The complaint and exhibit.

" 2d. The 4th, 6th and 7th paragraphs of the answer.

" 3d. The 1st and 4th paragraphs of reply.

" 4th. The verdict of the jury.

" 5th. Subdivisions A, B, C, D and P of third cause assigned in the motion for a new trial.

" 6th. The signatures to and endorsements upon each of said papers, and the order book entries showing the filing of the same in court; the entry showing the time given to file this bill of exceptions; the final judgment of the court, and no other entries or papers whatever.  The court also states that the evidence tended to show that said Longley procured said Miller to sign said bond on Sunday, and that said Miller delivered said bond to Longley on Sunday, and that Longley delivered said bond to the plaintiff on a secular day, without any notice that said Miller had signed it on Sunday ; and the evidence tended to show that said organ No. 486 was shipped to said Longley after the delivery of said bond to the plaintiff, and sold and the proceeds thereof received by said Longley before the plaintiff knew that said bond was signed by said Miller on Sunday.   And the court instructed the jury that if said Miller signed said bond on Sunday, their verdict must be for the defendant Miller, unless he afterward ratified it in such way as to bind him, to which ruling of the court the plaintiff, at the proper time, by counsel, excepted.

" The court further states that the evidence tended to show that the plaintiff's agent, Mr. Warner, before the commencement of this suit, and while he held the obligation sued upon as an attorney for collection, presented the notes mentioned in the complaint to the defendant Miller, and that said Miller then promised to pay his half of the same, and that the court instructed the jury that if this evidence was found to be true, and also that said Miller signed said bond on Sunday, he could .

not be bound by such subsequent promise, unless there was some new consideration for it, to which instruction the plaintiff at the time, by counsel, excepted.

"And the court further states, that the defendants were allowed, over the objection of the plaintiff, to introduce evidence that said Alfred Short personally owned said notes mentioned in the complaint. The plaintiff objected to said evidence because of irrelevance. The court also instructed the jury that if they should find from the evidence that said Alfred Short personally owned said notes before and at the commencement of this suit, the plaintiff could not recover, to which instruction the plaintiff at the time, by counsel, excepted."

The appellees insist that the questions presented did not arise, and were not decided by the lower court, during the progress of the cause, and, therefore, no question arises for the decision of this court.

For the purpose of determining this question, it is not necessary to set out the pleadings nor the residue of the record. Section 347 of the code reads: "Either party may reserve any question of law decided by the court during the progress of the cause, for the decision of the Supreme Court. Any question of law so reserved may be taken to the Supreme Court upon the bill of exceptions showing the decision, or, if it arises on demurrer, upon the pleadings involved. When the question so reserved is shown by bill of exceptions, the party excepting shall notify the court that he intends to take the question of law to the Supreme Court upon the bill of exceptions only ; and the court shall thereupon cause the bill of exceptions to be so made that it will distinctly and briefly embrace so much of the record of the cause only and the statement of the court, as will enable the Supreme Court to apprehend the particular question involved."

In order to present a question under this section of the code, the bill of exceptions must show that the particular question of law was decided by the court, during the progress of the cause, that an exception was reserved, and that the party

notified the court that he intended to take the question of law to the Supreme Court upon the bill of exceptions only. If the particular question of law was not decided by the lower court, it is manifest that this court has no power to decide the question. This court can only review such questions as have been decided by the lower court, whether they are presented under section 347 of the code or by an appeal in any other mode.

Again, if the question is decided during the progress of the cause, an exception must be reserved to the decision, in order to save the question. This rule is familiar, and is as applicable to a question reserved under section 347 of the code as to a question presented in any other way.

Applying these rules to these particular questions, it is manifest, we think, that they present no question for decision. The record does not show that the court decided either one of them, nor does it show that either of them arose in such a way that it could have decided them. The forms of the questions indicate that the court was not expected to decide them, but they were to be submitted to this court for decision in the first instance. This can not be done. Nor can a party formulate a question which he supposes arises upon the facts under the issues and obtain a decision upon it in such way. The questions that may be reserved under this section are such as actually arise and are decided during the progress of the cause —such, for instance, as are made in admitting or excluding testimony, in giving or refusing instructions, etc., and not such as the party conceives to be involved in the issues, or to arise on the facts proved.

Neither of these questions arose upon demurrer to the pleadings, nor upon the admission of the testimony, nor in giving the instructions to the jury. It is true that exceptions were taken to the several instructions given, but these decisions were not reserved under said section and are not presented. Besides, if they had been reserved, they would have been un-

Short *v.* Stutsman *et al.*

availing, for the reason that the instructions themselves are not in the record.

For these reasons, we think the record presents no question for decision, and that the judgment must be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the costs of appellant.

## ON PETITION FOR A REHEARING.

ELLIOTT, C. J.—It is certainly true that this court can not be called upon to decide a question not decided by the trial court. It is equally true that the record must affirmatively show that the questions sought to be reserved under section 347 of the code of 1852 were decided by the court trying the cause. The statement of the party to the court, that he desires to reserve a question, is not sufficient. The record must show a decision upon the question, and must contain so much of the proceedings as will enable the appellate court to fully understand the nature of the question.

The statute does not contemplate the reservation of mere abstract questions. Real questions, such as actually arise during the progress of the trial, may be reserved, but not mere general questions, which are not presented in the progress of the cause. A question upon an instruction may doubtless be reserved, but not by a general statement of the abstract question of law which counsel may suppose it to present. The question, in such a case, may be reserved by setting out the instruction, the exception to it, and so much of the pleadings and record as may be necessary to fully and accurately present, on appeal, the real question which was actually presented to and passed upon by the trial court.

Petition overruled.

WOODS, J., did not participate in the decision of this cause.