The Indiana, Bloomington and Western Railway Company *v.* Adams.

No. 12,954.

## THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY *v.* ADAMS.

BILL OF EXCEPTIONS.—*Clerk's Entries.—Discrepancy in Dates.—Recitals in. Bill Control.*—Where there is a discrepancy in dates, concerning the order of events, between the record entries of the clerk and the recitals. in a bill of exceptions, the latter will control.

SAME.—*Reserved Questions.—Exclusion of Evidence.— What Bill Must Show.— Statutes Construed.*—Construing sections 627 and 630, R. S. 1881, as *in pari materia,* it is necessary, when an appeal is taken under the latter section upon a bill of exceptions only, and the question reserved is upon the exclusion of evidence, that the bill of exceptions should contain enough. of the case and the evidence touching the point in controversy as to show the relevancy of the evidence rejected.

CONTRACT.—*Action for Non-Performance.—Subsequent Performance.—Damages.*—Where an action has been commenced, upon an accrued cause, to recover damages for the non-performance of a contract, subsequent performance will not defeat it, unless the performance is with the consent of the plaintiff, or unless the latter accepts what has been done as a partial or complete discharge of the agreement.

SAME.—*Railroad.—Agreement to Fence.—Continuance of Cause to Enable Party to Perform.—Evidence.*—Where, in an action against a railroad company to recover damages for the non-performance of a contract to construct a fence along its right of way, the cause is continued until a subsequent term under a written agreement that the defendant shall by that time construct a fence of a certain quality and pay the costs of the action and the plaintiff's attorneys' fees, it is not error, upon the trial of the cause, to exclude the agreement and evidence that a fence was built, unless it is shown that there was a complete compliance with the agreement upon which the cause was continued, or that the plaintiff has accepted the fence so erected as a complete or partial compliance with the contract sued on.

From the Rush Circuit Court.

*C. W. Fairbanks, J. H. Mellett, E. H. Bundy* and *O. Gresham,* for appellant.

*C. S. Hernly, S. H. Brown* and *M. P. Turner,* for appellee.

MITCHELL, J.—Amanda Adams sued the appellant railway company to recover damages for the alleged failure of the latter to comply with a written agreement, wherein the

company agreed to build a substantial fence on both sides of its track, and construct a crossing over its right of way, in consideration of a grant of a right of way by the plaintiff over her farm.

The defendant answered by a general denial and a plea of payment. There was a finding and judgment, over a motion for a new trial, for the plaintiff below.

The only error relied on is the ruling of the court in overruling the appellant's motion for a new trial.

The bill of exceptions found in the record recites that, upon the overruling of this motion, the appellant notified the court of its intention to take the questions of law involved in the motion for a new trial and upon the pleadings to the Supreme Court upon bill of exceptions only, as provided in section 630, R. S. 1881.

No question is made here upon the pleadings. Since, therefore, the only other questions which the appellant notified the court below that it intended to take to the Supreme Court are embraced in the motion for a new trial, we confine ourselves necessarily to the consideration of those questions.

The point is made, on behalf of the appellee, that the bill of exceptions is not properly in the record. This proposition rests upon the fact that the journal entry shows that the trial was had, and the motion for a new trial overruled, on the 2d day of April, 1885, while the certificate of the judge to the bill of exceptions shows that the bill was signed on the 26th day of March, 1885. This would make it appear that the bill was signed some six or seven days before the trial occurred. It is said the bill of exceptions must, therefore, be disregarded. It must be assumed, of course, that the events recited in the bill of exceptions occurred before the bill was prepared and signed, and that an error has been committed as to the order of events either in the journal entry of the clerk or in the certificate of the judge. Where there is a discrepancy in dates, concerning the order of events,

between the journal entries of the clerk and the recitals in a bill of exceptions, the latter must control. *Carmichael* v. *Shiel*, 21 Ind. 66; *Cincinnati, etc., R. R. Co.* v. *McFarland*, 22 Ind. 459; *Alley* v. *State, ex rel.*, 76 Ind. 94.

The whole record shows that the bill of exceptions was signed and filed at the time the motion for a new trial was overruled. We must presume, therefore, that the date of the overruling of this motion, as shown upon the journal entry, was a mistake. A bill of exceptions showing the events of the trial, and the overruling of the motion for a new trial, could not have been signed before those events occurred.

The questions presented by the motion for a new trial, and which purport to be reserved by the bill of exceptions, relate to the exclusion of certain evidence offered by the appellant.

After stating that the plaintiff had offered certain evidence tending to show the cost of the construction of a fence such as the contract called for, the bill recites that the defendant below offered to prove by competent witnesses that, in October, 1884, and since the commencement of the suit, it had constructed a fence of a certain description—consisting of posts and five wires—along its right of way through the plaintiff's farm. The evidence thus offered was excluded. The bill recites that the defendant then offered in evidence the following paper or agreement, upon which the cause had been continued at a previous term, viz.:

" This cause is continued until the next term of this court, upon the express agreement that the defendant will by that time build a good and sufficient fence along its right of way over the lands of plaintiff, said fence to have enough wires thereon to turn all kinds of stock, and defendant is to pay all costs, together with plaintiff's attorneys' fee, which fee is not to exceed thirty dollars.

" INDIANA, BLOOMINGTON & WESTERN R. W. Co.
" By R. NIXON, Agent.
" HERNLY & BROWN, Att'ys for Plaintiff."

Upon objection, the court refused to admit the paper in evidence, on the ground, as stated in the bill, that it was not admissible under the pleadings, and that it was incompetent, irrelevant and immaterial. The bill states that the court thereupon found for the plaintiff, and assessed her damages at one hundred and seventy-five dollars, that being the full cost of the construction of such a fence as the agreement contemplated, without allowing any deduction for the fence constructed by the defendant since the commencement of the suit. The bill states that the ruling was made upon the ground "that said fences were constructed after the commencement of the suit, and that the construction of the fences after the commencement of the suit constituted no defence to the action, nor did the same mitigate the plaintiff's damages."

It has often been ruled that a party appealing to this court must show affirmatively by the record that the ruling or judgment appealed from is erroneous. If upon any theory reasonably consistent with what may have appeared to the court below the ruling can be sustained, this court will adopt that theory. Now, upon the facts as they appear in the case made, it must be conceded that the plaintiff below had a complete right of action against the railroad company when the action was commenced. The contract sued on required, in the absence of any time being therein specified, that the fences should be erected within a reasonable time. There had been a breach of this contract, and hence a perfected right of action to recover the amount which it would fairly cost to erect such fences as the contract called for, together with any special damage which the plaintiff may have sustained. *Louisville, etc., R. W. Co.* v. *Sumner*, 106 Ind. 55; *Logansport, etc., R. W. Co.* v. *Wray*, 52 Ind. 578; *Lawton* v. *Fitchburg R. R. Co.*, 8 Cush. 230.

Pending the action the parties agreed, assuming that the paper offered in evidence was executed by due authority, that

the railroad company should, before the ensuing term of court, complete a good fence, sufficient to turn all kinds of stock, and pay all costs, together with an attorney's fee of thirty dollars. By implication, although it is not so stipulated in terms, this was to be accepted as a satisfaction of the plaintiff's damages.

It is undoubtedly true that a defendant may, under the general issue, or any plea which puts the amount of recovery in dispute, prove partial or complete satisfaction since the suit was commenced. *Burdell* v. *Denig*, 92 U. S. 716.

Where, however, an action has been commenced for the non-performance of a contract, subsequent performance will not defeat the action, if a cause of action had accrued, unless such performance was with the express or implied consent of the plaintiff; or unless the latter has accepted what has been done as a partial or complete discharge of the agreement. *Gould* v. *Banks*, 8 Wend. 562; *Lawton* v. *Fitchburg R. R. Co.*, 8 Cush. 230.

The plaintiff agreed to continue the case and accept in satisfaction of her damages the construction of a fence of a certain quality, together with the payment of the costs and the fees of her attorneys.

The bill of exceptions recites, in an imperfect way, that the railroad company "constructed a fence of posts and five wires." There was no evidence offered or proposed which tended to prove that the fence erected was such a fence as the agreement required, or that it had been accepted as a complete or partial compliance with the contract, nor was it proposed to prove that the company had paid or tendered the costs and attorneys' fee as stipulated.

None of the evidence, either given or proposed, having reference to what had been done under the agreement, is set out in the bill of exceptions. We are, therefore, unable to apprehend the materiality of the rejected paper. It was necessary that the evidence given or proposed touching the

point in question should have been set out in the bill of exceptions. *Starry* v. *Winning*, 7 Ind. 311.

A mere recital by the court of its conclusions touching the point in controversy is not sufficient. Construing sections 627 and 630, R. S. 1881, *in pari materia*, it is necessary, when an appeal is taken under the latter section upon a bill of exceptions only, and the question reserved is upon the exclusion of evidence, that the bill of exceptions should show enough of the case, and the evidence touching the point in controversy, to show the relevancy of the evidence rejected. *Downs* v. *Opp*, 82 Ind. 166.

In the absence of anything beyond the recitals in the bill of exceptions, we must presume the evidence rejected was irrelevant.

Judgment affirmed, with costs.

Filed Nov. 19, 1887.