Filed Nov. 15, 1888.

———◆———

No. 13,306.

## WOODARD ET AL. *v.* BAKER.

APPEAL.—*Reserved Question of Law.*—*Statute Construed.*—*Practice.*—Section 630, R. S. 1881, does not contemplate that a party may reserve for the decision of the Supreme Court, in the mode therein prescribed, a question of fact, or mixed question of fact and law; but the question reserved must be one of law only, which arose and was decided during the progress of the cause, and the record must show that an exception was reserved to the decision of such question at the time it was made.

SAME.—*Final Decision.*—*Reserved Question Upon.*—After the evidence has been fully heard upon the trial of the issues joined in a cause, and the court has announced its final decision and judgment in favor of the defendant, the plaintiff can not reserve that decision, under section 630, R. S. 1881, the same not being a question of law nor a decision during the progress of the cause within the meaning of that statute.

SUPREME COURT.—*Question Depending Upon Evidence.*— *When not Presented.* —Where the decision of a question requires a consideration of the evidence, and the record fails to show that it contains all the evidence given in the cause, such question is not presented.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

*H. C. Dodge,* for appellee.

HOWK, J.—This was a suit by appellants, Woodard and Fieldhouse, the plaintiffs below, against appellee, Ella Baker,

as defendant, in a complaint apparently in two paragraphs. What became of the first paragraph is not clearly disclosed by the record. In the second paragraph, which is the only complaint in the transcript filed here on this appeal, the plaintiffs averred that, on the 16th day of September, 1884, defendant executed her five promissory notes, of which copies were therewith filed; that to secure the payment of said notes, which were payable to the order of one C. S. Frink, defendant also executed a chattel mortgage, whereof a copy was therewith filed; that the first note was due and unpaid; that, on January 2d, 1885, said Frink endorsed said notes and mortgage to the plaintiffs; that, by the terms of said mortgage, defendant was prohibited from selling the mortgaged goods; that defendant wrongfully sold and disposed of said goods to the value of $1,500, and used of the proceeds of such sales the sum of $1,000 in purchasing and paying for new goods, then in said stock of goods and so intermixed with the old goods that plaintiffs could not identify them; that said new goods, so purchased, were and of right ought to be held 'in trust for the plaintiffs, as having been purchased with their moneys and the proceeds of their goods; that the other $500, received by defendant, had been used by her in living and for her own private purposes, and plaintiffs of right ought to have a personal judgment therefor in conversion. Plaintiffs asked that defendant be compelled to identify the goods so purchased with their means, and that they have a foreclosure of said mortgage on the new goods so purchased, as well as on the old goods covered by the mortgage, and a personal judgment for the value of the goods sold, where the proceeds had been converted by defendant, in the sum of $1,000, and all other proper relief.

Defendant answered by a general denial of the complaint. The cause being at issue was submitted to the court for final hearing; and the court found for defendant, " that the plaintiffs should fail in this prosecution and defendant recover her costs," and rendered final judgment accordingly. Plaintiffs'

motion for a new trial having been overruled by the court, they have appealed from the judgment below to this court.

Error is assigned here by plaintiffs solely upon the overruling of their motion for a new trial. In that motion, the only causes assigned for such new trial were (1) that the decision of the court below was contrary to law, and (2) that such decision was not sustained by sufficient evidence. This cause was appealed to this court on a reserved question of law during the progress of the cause, under the provisions of sections 630 and 631, R. S. 1881. In section 630, *supra,* so far as applicable to the case in hand, it is provided as follows: "Either party may reserve any question of law decided by the court during the progress of the cause, for the decision of the Supreme Court. Any question of law so reserved may be taken to the Supreme Court upon the bill of exceptions showing the decision. * * * When the question so reserved is shown by the bill of exceptions, the party excepting shall notify the court that he intends to take the question of law to the Supreme Court upon the bill of exceptions only ; and the court shall thereupon cause the bill of exceptions to be so made that it will distinctly and briefly embrace so much of the record of the cause only and the statement of the court, as will enable the Supreme Court to apprehend the particular question involved." Section 631, *supra,* prescribes the time within which an appeal, upon a reserved question of law, must be taken, and provides that such appeal shall not operate as a *supersedeas,* "unless so ordered by the Supreme Court or some judge thereof."

In the cause now before us it is shown by the bill of exceptions " that, during the progress of the cause, the court decided and adjudged that the plaintiffs were not entitled to a judgment or decree of foreclosure on the second paragraph of their complaint." It is further shown in said bill "that said plaintiffs, at the proper time, notified the court that they would reserve the question of law, so decided, for the decision of the Supreme Court on the bill of exceptions only."

Thereupon, in order to enable the Supreme Court to apprehend the question, the court ordered the record to be made up as follows, to wit : The second paragraph of complaint, the answer of general denial, the motion for a new trial, and entries connected therewith, and the following items of evidence given on the trial of the cause : The chattel mortgage and notes sued upon, copies of which were made exhibits with said complaint.

J. A. Baker, a competent witness, testified that he was defendant's husband, and did all the business for her in connection with said drug store ; that he had sold the old stock of drugs by way of retail daily, after the mortgage was given ; had used some of the proceeds in making payments upon the notes sued on, had used some of the proceeds in payment of living expenses, and had bought new goods with the balance ; that he had bought $1,002.72 worth of new goods and placed in said old stock, and that, of these new goods, there was on hand, at the time this action was commenced, $399.90 worth at cost prices ; that of these new goods so bought, he had paid for about $625 worth, and about $375 worth were not paid for ; that the moneys so paid on the notes sued upon, and so paid on said new goods, were wholly from the proceeds of sales of said mortgaged stock, except $100 that he received from the sale of a lot; that the value of said old goods, at the time this action was commenced, was $1,491, and the original cost price of said old goods was $1,948.

The court stated that plaintiffs had taken possession of all of said goods, old and new, by a writ of replevin before this action was brought; that after a portion of the evidence was heard, but before the decision was made, plaintiffs dismissed the first paragraph of their complaint and sold said old goods without any decree or order of court, at public auction upon due notice, and realized therefor the sum of $655, although said goods so sold were worth $1,461.66 at the time of said sale ; and that plaintiffs' notes were unpaid, except by the seizure

and sale of the goods aforesaid, and amounted to the sum of $1,100.

This was " the bill of exceptions only," upon which plaintiffs have presented here their so-called "question of law," reserved for the decision of this court. Is the fact recited in such bill, " that, during the progress of the cause, the court decided and adjudged that the plaintiffs were not entitled to a judgment or decree of foreclosure on the second paragraph of their complaint," a reserved question of law within the purview and meaning of the provisions of section 630, *supra,* heretofore quoted in this opinion?

This is the question which confronts us *in limine,* in the consideration of this cause, and we are of opinion that the question stated can only, and must, be answered in the negative. The reserved question, as stated in the bill of exceptions, necessarily involves and includes questions of fact as well as a question of law, and of these the questions of fact are fundamental.

Our statute does not contemplate or provide that a party may reserve a question of fact, or mixed questions of fact and of law, decided by the trial court, in the mode prescribed by section 630, *supra,* for the decision of this court ; but the question so reserved must be one of law, pure and simple, unmixed with any questions of fact. Not only so, but it must be a question of law, which arose and was decided by the court during the progress of the cause ; and it must be shown by the record that the party, who reserves the question of law so decided, for the decision of the Supreme Court, excepted at the time to the decision of such question by the court below. " Real questions, such as actually arise during the progress of the trial, may be reserved, but not mere general questions, which are not presented in the progress of the cause." *Short* v. *Stutsman,* 81 Ind. 115.

The questions that may be reserved under section 630, *supra,* " are such as actually arise and are decided during the

progress of the cause—such, for instance, as are made in admitting or excluding testimony, in giving or refusing instructions," etc. "Again, if the question is decided during the progress of the cause, an exception must be reserved to the decision, in order to save the question. This rule is familiar, and is as applicable to a question reserved under section 347 of the code (630, *supra*), as to a question presented in any other way." *Short* v. *Stutsman, supra. Downs* v. *Opp,* 82 Ind. 166 ; *Conner* v. *Town of Marion,* 112 Ind. 517.

In the case in hand, after the evidence had been fully heard upon the trial of the issues joined, and the court had announced its final decision and judgment in favor of defendant, the plaintiffs undertook to reserve that decision and judgment as a question of law, decided by the court below during the progress of the cause, for the decision of the Supreme Court. This proceeding or undertaking of plaintiffs was wholly unauthorized by any law of this State. That decision and judgment of the court, as we have shown, was not a question of law within the meaning of the provisions of section 630 above quoted. If it were a question of law, it was not decided by the court below during the progress of the cause, but was the end and final disposition thereof. The record wholly fails to show that the plaintiffs, in any manner or at any time, saved an exception to the decision by the court below of the so-called question of law attempted to be reserved for the decision of this court. We are of opinion, therefore, that no question has been saved in and presented by the record now before us which we can consider and decide. Of course, the error assigned here by plaintiffs presents no question for our decision, because the record fails to show that it contains all the evidence given in the cause. *Collins* v. *Collins,* 100 Ind. 266 ; *Beatty* v. *O'Connor,* 106 Ind. 81 ; *Garrison* v. *State,* 110 Ind. 145.

The judgment is affirmed, with costs.

Filed Nov. 17, 1888.