## HANEY v. FARNSWORTH ET AL.

[No. 18,266.   Filed February 15, 1898.]

APPEAL AND ERROR.—*Special Bill of Exceptions.—Statute Construed.*
—Under the provisions of section 642, Burns' R. S. 1894 (630, R. S. 1881), that either party may reserve any question of law decided by the court during the progress of the cause for the decision of the Supreme Court by a special bill of exceptions, questions of mixed law and facts cannot be thus presented, nor questions arising after the evidence was heard and the court's finding announced. ·

From the DeKalb Circuit Court. *Affirmed.*

*W. W. Sharpless, Daniel M. Link* and *F. S. Roby,* for appellant.

*C. A. O. McClellan* and *D. A. Garwood,* for appellees.

HACKNEY, J.—The appellant seeks to present questions in this court upon a special bill of exceptions, according to the practice provided by section 642, Burns' R. S. 1894 (630, R. S. 1881). The record recites a trial and finding for the appellees, a motion for a new trial, with notice of an intention to appeal from an adverse decision upon the motion, the overruling of said motion, a judgment for appellees, and a special bill of exceptions.

The bill contains certain facts, evidence, and conclusions, but does not purport to set forth all the evidence. The one contention on the part of the appellant is that, upon such facts the court should have

found for him, and should therefore have granted a new trial. It will be observed that, if the question were presented by special findings, it would be as to the sufficiency of the facts, excluding mere evidence, to support a conclusion of law in favor of the appellees; and, if presented by the usual bill, it would be as to the sufficiency of the evidence to support the finding in favor of the appellees, or that the finding in favor of the appellees was contrary to the evidence. In any event, the question would be one of mixed law and fact, and such questions cannot be presented under the statute cited (*Woodard* v. *Baker*, 116 Ind. 152); not only a question of mixed law and fact but a question arising after the evidence was heard and the court's finding was announced, and one first presented upon and by the motion for a new trial, questions we held, in the case cited, not to arise, "during the progress of the cause," within the meaning of the statute cited. It was not contemplated by this statute that questions depending upon the weight and sufficiency of the evidence should be presented by the practice therein provided, nor that the mere application of the law to the facts in a case, as in special findings, should be presented in the manner here attempted. If a question of evidence, all of the evidence should be in the record; and, if a question upon special findings, exceptions to the conclusions of law, which admit the facts found, should be reserved. The record not properly presenting any question, the judgment is affirmed.