## FRITZINGER *v.* STATE, EX REL. ECKERT.

[No. 4,461.   Filed June 25, 1903.]

APPEAL.—*Question of Law.*—*Bill of Exceptions.*—*Review.*—Where an appeal has been taken under §642 Burns 1901, and the question reserved is upon the admission or exclusion of evidence, the bill of exceptions should show that the objection was made, with the grounds of objection, and that exception was taken at the time. *p. 351.*

SAME.—*Motion to Strike Out Evidence.*—*Bill of Exceptions.*—*Review.*— The ruling of the trial court on a motion to strike out "all the evidence" of a certain witness will not be reviewed on appeal, where the bill of exceptions sets out only a part of the evidence given by the particular witness. *p. 352.*

TRIAL.—*Instructions.*—The trial court may refuse to give instructions that are a substantial repetition of instructions already given. *p. 352.*

SAME.—*Instructions.*—*Number of Witnesses.*—*Preponderance of Evidence.* —It is not error for the trial court to refuse an instruction that would give or have a tendency to give the jury to understand that the preponderance of evidence is to be determined by the number of witnesses testifying on each side. *p. 352.*

From Adams Circuit Court; *R. K. Erwin,* Judge.

Action by the State, on the relation of Evelyn Eckert, against Erastus Fritzinger. From a judgment for relatrix, defendant appeals   *Affirmed.*

*A. P. Beatty, John Schurger* and *D. E. Smith,* for appellant.

Robinson, C. J.—Prosecution against appellant on a charge of bastardy.

The bill of exceptions recites that appellant notified the court of his intention to take the questions of law involved in the motion for a new trial to the Appellate Court upon the bill of exceptions only, as provided in §642 Burns 1901. This statute provides that, when the question so reserved is shown by the bill of exceptions, the party excepting shall notify the court that he intends to take the question of law to the appellate tribunal upon the bill of exceptions only, and that the court shall cause the bill to be so made that it will distinctly and briefly embrace so much of the record only and the statement of the court as to enable the court to apprehend the particular question involved. As it has been held that this section and §639 Burns 1901 are to be construed *in pari materia (Starry* v. *Winning,* 7 Ind. 311; *Indiana, etc., R. Co.* v. *Adams,* 112 Ind. 302), it follows that if the question reserved is upon the admission or exclusion of evidence the bill should show that objection was made, with the grounds of the objection, and that the exception was taken at the time the ruling challenged was made. We can review such questions only as have been decided by the trial court, whether presented under this section of the code or by an appeal in any other mode. *Short* v. *Stutesman,* 81 Ind. 115; Elliott, App. Proc., §§236, 239; Ewbank's Manual, §96. It necessarily follows that in an appeal under this section the appellate court will consider only such objections to the admission or exclusion of evidence as were presented to the trial court. In no other way could it be made to appear that the particular question of law decided by the trial court during the progress of the cause is presented for decision on appeal.

Where the grounds of objection are not shown, no question is presented.

We can not review the action of the trial court in overruling a motion to strike out "all the evidence" of a certain witness, when the bill of exceptions sets out only a part of the evidence given by the particular witness.

It is not error to refuse to give an instruction where the substance of the material part of the instruction is contained in instructions that are given.

The court properly instructed the jury that the preponderance of evidence does not necesssarily consist alone in the greater number of witnesses testifying to a particular fact or state of facts, but was to be determined from a consideration of all the evidence given in the case, the apparent consistency, fairness, and congruity of the evidence, and the reputation of the witnesses for truth and veracity when shown, and that if the jury found that the evidence bearing upon appellee's case was evenly balanced, or that it preponderated in favor of the appellant, the verdict should be for the appellant. As the substance of the instructions requested upon the subject of the preponderance of the evidence was contained in instructions given by the court, there was no reversible error in refusing to give them. It has been decided many times in this State that the trial court may refuse to give instructions that are a substantial repetition of instructions already given, and which are as favorable to the party making the request as are the instructions refused.

It is not error to refuse an instruction that would give or have a tendency to give the jury to understand that the preponderance of evidence is to be determined by the number of witnesses testifying on each side. *Howlett* v. *Dilts,* 4 Ind. App. 23.

The court very fully instructed the jury upon the facts and circumstances they might consider in determining the credibility of the witnesses—among other things, statements, if any, made out of court, inconsistent with those

made on the trial. The relatrix was a witness, and the instruction was applicable to her testimony as well as to that of the other witnesses. Moreover, in a separate instruction, the principle was stated with reference to the relatrix as a witness.

The court properly instructed the jury, and at considerable length, upon the material questions in the case. No good purpose would be subserved in setting out the instructions. A very careful study of all the instructions given leads to the conclusion that no reversible error was committed against appellant in the court's refusal to give certain instructions. No question is made as to the correctness of any instruction given. They covered the material questions in issue, and, taken as a whole, presented the case fully and fairly to the jury.

As it is conceded that no exception was taken to the remark made by the court that "it seems to me that this witness has padded her testimony," the question is not properly saved. To present the question for review, an exception should have been taken to the remarks of the court, and the alleged misconduct stated as one of the grounds for a new trial. *Chicago, etc., R. Co.* v. *Brown,* 157 Ind. 544.

Judgment affirmed.