YOUNG *v.* MADER.

[No. 15,704. Filed April 19, 1938. Rehearing denied June 29, 1938. Transfer denied September 29, 1938.]

*Tuthill, Williams & Williams* and *Fenton, Steers, Beasley & Klee,* for appellant.

*Miller, Mullen & Kreuger* and *Ryan, Sinnott & Miller,* for appellee.

CURTIS, J.—This was an action brought by Dorothy Mader, the appellee, against the appellant, Irving D. Young, to recover damages for personal injuries which she claims to have sustained by reason of a collision with an automobile belonging to and driven by the appellant while she was riding as a passenger with her husband on his motorcycle, said collision occurring August 26, 1934, at the intersection of U. S. Highway No. 20 and the County Line Road which separates the counties of LaPorte and Porter, in the State of Indiana.

The complaint is in four paragraphs, the first of which alleges, in substance, that on August 26, 1934,

the appellee was riding as a passenger on a certain motorcycle being operated in a westerly direction along and upon the said U. S. Highway No. 20, towards, up to and over its intersection with the said County Line Road, and that the operator of the said motorcycle was not the agent or the servant of the appellee, nor subject to her control; that at said time and place the appellant operated his said automobile in an easterly direction along and upon the said U. S. Highway No. 20 and to the left into the said County Line Road in a reckless or dangerous manner and so as to endanger the life or limb or injure the property of any person on said intersection, contrary to and in violation of the statute of the State of Indiana, and thereby caused said automobile to come into violent contact and collision with the said motorcycle on which appellee was riding, and that by reason of such negligence and negligent acts on the part of appellant, the appellee received the injuries complained of.

The second paragraph of the complaint proceeds upon the theory that the appellant at said time and place where the collision occurred carelessly and negligently operated his said automobile without keeping a reasonable and careful lookout ahead and in the direction in which said automobile was moving for vehicles approaching the said intersection along and upon the said U. S. Highway No. 20 from the east, and thereby caused his said automobile to come into violent contact and collision with the said motorcycle on which the appellee was riding, and that by reason of such negligent acts on the part of the appellant, the appellee received the said injuries.

The third paragraph proceeds upon the theory that at the time and place of the collision the appellant operated the said automobile along and upon the said U. S. Highway No. 20 and to the left into said County

Line Road at a speed greater than was reasonable and prudent having regard to the density of the traffic or the use of the highway or so as to endanger the life or limb or injure the property of any person on said intersection, contrary to and in violation of the Statute of the State of Indiana, and thereby caused said automobile to come into violent contact and collision with the said motorcycle on which the appellee was riding, and as a result of such negligent acts on the part of said appellant the appellee was injured in the manner in which she complains.

The fourth paragraph proceeds upon the theory that at the time and place of the collision the appellant carelessly and negligently operated his said automobile eastward on said U. S. Highway No. 20 up to, towards and over its intersection with the said County Line Road, aforesaid, and drove and turned the same to the left at said intersection so as to turn northwardly and across the north side of said U. S. Highway No. 20 while the motor vehicle on which the appellee was riding was then and there being driven in a westerly direction along, and upon, the north side of said U. S. Highway No. 20 and while said motor vehicle on which the appellee was riding was being operated with ordinary care up to and towards and over said intersection, and that the said appellant then and there carelessly and negligently failed and neglected to give the right of way to the motor vehicle upon which the appellee was riding, as aforesaid, and which was then and there approaching the point of intersection of said highways from the east, contrary to and in violation of the statutes of the State of Indiana, and that as a result of said careless and negligent acts of said appellant the appellee received the said injuries.

To each of the four paragraphs of complaint the appellant filed an answer in general denial.

Trial was had before a jury resulting in a verdict in favor of the appellee in the sum of $7,000.00, upon which the court rendered judgment.

The appellant seasonably filed a motion for a new trial which was overruled and this appeal prayed and perfected. The causes or grounds of the said motion for a new trial that are presented for review are that the verdict of the jury is not sustained by sufficient evidence; is contrary to law; alleged error in the giving of each of certain instructions; alleged error in the refusal to give each of certain other instructions tendered by the appellant, and alleged error in certain rulings as to the admission of evidence.

The evidence most favorable to the appellee shows that she was a passenger on a motorcycle being driven by her husband along U. S. Highway Number 20, in a westerly direction, towards Chicago. The accident occurred at the intersection of that highway with a road known as County Line Road, running north and south, and separating Porter County, on the west, from La Porte County, on the east. U. S. 20 is a 40-foot concrete road, containing four traffic lines; County Line Road is about twenty feet wide, paved with asphalt.

On the northeast corner of the intersection of the two roads mentioned is a filling station, lunchroom and garage. There are three driveways from this establishment to the roads on each side, two extending in a "U" shape to U. S. 20, and the third running in a direction a little north of west to the County Line Road.

The appellee and her husband, who had been visiting relatives in Michigan and were on their way home, arrived at the filling station about seven-thirty on the evening of August 26, 1934. Appellee's husband parked the motorcycle at the side of the gas station, and they entered the restaurant and ate a lunch, remaining about twenty or twenty-five minutes. When they came out it

was eight o'clock. It was just dusk. Most of the vehicles had their lights on and the lights in the gas station were lighted.

A side-car, or "box" was sometimes attached to the motorcycle, but was not in use at the time of the accident. Instead, appellee was using the rear portion of the saddle, and her husband, who was operating the motorcycle, sat on the fore part of the seat. When they left the lunchroom they went out to the motorcycle, appellee's husband started the motor, turned on the lights, and appellee got on the seat behind him.

They headed out toward U. S. 20 to resume their journey to Chicago. In order to reach this highway from the point where the motocycle was parked, just west of the lunchroom, they made use of the driveway leading out from the station in a southwesterly direction, and followed this driveway to a point a few feet north of U. S. 20, where they stopped. They were traveling over the east portion of the driveway to reach the main road. The concrete of the driveway connected up with the concrete of the road only at the east side; the remainder of the space, between the center and right of the driveway and the highway, was filled with asphalt, little stones and cinders.

This was Sunday evening, and traffic was fairly heavy. Appellee's husband came to a stop on the east side of the drive, just north of the pavement on. U. S. 20, about 40 feet from the east line of County Line Road. The motorcycle stood there momentarily, while the appellee and and her husband waited for traffic to pass them so that they would have a clear road.

During the time that the motorcycle driver was preparing to take the main road again, an automobile came up to the corner from the south, along the County Line Road. This automobile was driven by a man named Hofstedt; his wife, her sister, a Mrs. Scott, and Mr.

Scott were passengers. This car stopped a few feet south of the pavement and waited for traffic to pass on U. S. 20. When the road was clear, this car started up and made a left turn to the west into U. S. 20. Just as this northbound car came to a stop in the County Line Road, previously to making its left turn to the west, a Chevrolet coupe operated by the appellant, and containing his wife and grandson, approached the intersection from the west on U. S. 20. The occupants of the Hofstedt car testified that the car of the appellant came up to the corner in the extreme right, or south lane.

Just as soon as the Hofstedt car, which was making a left turn in front of him, started up, the appellant did the same, and proceeded out across the intersection, making a left turn to get into the County Line highway. He followed the other car for a portion of the turn, and was only about ten feet behind it. During the first part of this turn, the driver and occupants of the appellant's car could not see their course ahead, since the Hofstedt car was swinging across directly in front of them.

As the Hofstedt car crossed the intersection and turned west, the motorcycle, which had been standing about forty feet east of the County Line Road and two or three feet north of the concrete on U. S. 20, waiting for the road to clear, started up. It proceeded directly west on the concrete on the outermost or most northerly traffic lane on U. S. 20, into the intersection. The motorcycle was in low gear and the speed was five to ten miles per hour. Appellee had her arms around her husband's waist; her chin rested on his left shoulder, and her eyes were directed toward the west. The Hofstedt car, which preceded them about twenty feet, prevented them from seeing the appellant's car, which was angling across the road into their traffic lane.

The appellant instead of proceeding east and keeping on the right-hand side of the road at all times while

making his turn, only went east for about five feet and then started to angle to the north, making a gradual turn. When he reached the northern traffic lane in U. S. 20 he was headed in a northeasterly direction and his movements and vision were obscured by the other car until just before the accident.

The appellant did not see the motorcycle at all before the collision and ran into the side of the motorcycle with his bumper, while the motorcycle was traveling straight west in the northerly traffic lane in U. S. 20, at a point about at the center, or a little to the west of the center, of the County Line Road.

The motorcycle was pushed some ten feet northward, off the concrete, on the tarvia pavement of the County Line Road, by the force of the collision. Neither the appellee nor her husband saw the appellant's car until the moment of the collision, when it was almost upon them.

The appellee was thrown to the ground, and was caught under the bumper of the automobile, thus causing her injuries.

The jury by its general verdict found that the appellee was free from contributory negligence and, also found thtat the appellant was guilty of negligence as charged in the complaint, causing the appellee's injuries. We are asked by the appellant to hold as a matter of law that the evidence shows contributory negligence of the appellee. The evidence is somewhat in conflict. The contributory negligence, if any, of the appellee as well as the negligence, if any, of the appellant were questions of fact for the jury. We think that the evidence was abundant to sustain the verdict and that the verdict was not contrary to law. It must, therefore, stand unless it was erroneously affected by an error or errors of law occurring at the trial in the matters complained of by the appellant in

his assignment of errors. This brings us to a consideration of the complained of rulings as to the evidence and the alleged errors as to instructions.

We have carefully examined the complained of rulings as to the evidence and fail to find any reversible error therein. The appellant complains that by a ruling of the court excluding a certain exhibit he was compelled, in order to complete the testimony of a certain witness, to disclose that he (the appellant) carried insurance. He forgets, however, that when he, himself, was on the witness stand on his own direct examination and in answer to a question of his own attorney testified as follows: "Q. Do you recall any of that conversation? Why, nothing any more than that he wanted to know if I was insured and I told him that I was. I remember that." If there was any harm done to the appellant by the evidence as to insurance, it thus clearly appears that such evidence was voluntarily given by himself and certainly no error could be charged thereby to the appellee.

The remaining questions are as to the instructions. The court refused to give any of the instructions tendered by either party and gave of its own motion fourteen instructions. These fourteen instructions show care and skill in their preparation. In our opinion they fully and fairly instructed the jury. There was no error in refusing to give the instructions tendered by the appellant. Some of them were erroneous and others not applicable under the issues and the evidence. As to those that were correct and applicable, it is clear that they were substantially covered by those given by the court, and under such circumstances it was not error to refuse to give them. See: *Fritzinger* v. *State ex rel.* (1903), 31 Ind. App. 350, 67 N. E. 1006; *Ginn* v. *State* (1903), 161 Ind. 292, 68 N. E. 294; *In-*

*diana Pipe Line Company* v. *Christensen* (1924), 195 Ind. 106, 143 N. E. 596.

Some complaint is made that the court did not give appellant's tendered instruction to the effect that it is unlawful for any person who is operating a motor vehicle to back out or head out from the curb of any street without first signaling his intention to any person or persons who may be following closely in the rear. Such an instruction had no applicability to the evidence in the instant case and was correctly refused.

The ruling on the motion for a new trial was correct. Judgment affirmed.

Kime, J., concurs in result.