Love v. Carpenter and Others.

PARTNERSHIP.—*Private Use of Partnership Property by one Partner.*—If one partner clandestinely uses the partnership funds or property in his own private speculation, he must account, not only for the funds or property so employed, but also for the net profits realized by the transaction.

PRACTICE.—*Appeal.—Reserved Question of Law.*—If it is expected to reverse a judgment upon a question of law reserved for the decision of the Supreme Court, under section 347 of the code, such question must generally be so presented below that the lower court, by doing what the complaining party moves it to do, can cure or avoid the error complained of.

APPEAL from the Floyd Circuit Court.

FRAZER, J.—This was a suit between partners (railroad contractors), for the adjustment of the business of the firm. It was tried by a referee, who found that Carpenter had, out of his private means, made advances for the firm, in paying off its paper made for loans of money and expenses and discounts, the sum of $35,850.16; that there was also due him, for personal services and expenses, $22,596.83; that he had paid to sub-contractors $150,582.66; and that assets of the firm had come into his hands in the sum of $214,797.31. The conclusion of the referee from these facts was, amongst other things, that in stating the account between Carpenter and the firm, he should be credited with $150,582.66, and also the $35,850.16, &c. This conclusion was excepted to, and it is contended here that there was error in it, in this: that the larger sum embraced the

smaller, and that the latter should not, therefore, have been allowed. But the premises of this argument are not true, according to the facts found, and the argument consequently fails.

Again, the referee found that Carpenter became a member of a mercantile firm (J. C. Jewell & Co.), and used for its benefit bonds of the firm of railroad contractors (Carpenter & Co.), nominally $74,270.90, but only of the cash value of $34,740, besides using, also, without authority, the name and credit of the firm of Carpenter & Co. in purchasing goods for the mercantile firm; so that all the purchases of goods for the latter firm were made with either the means or credit of the former; and that the mercantile business made a profit, counting the bonds at their nominal value, $74,270.90; and therefrom concluded that Carpenter should be charged, in this suit, with $34,740, only, for the bonds so used, that sum being their value in cash. To this conclusion the appellant excepted, and insists here that Carpenter should have been held to account, not only for the actual value of the partnership property so used without the consent or knowledge of his co-partners, but also the profits realized by him out of the transaction.

It seems to be well settled by the cases, and to rest upon unquestionable principles of public policy, that if one partner clandestinely uses the partnership funds or property in his own private speculations, he must account, not only for the funds or property so employed, but also for the profits realized by the transaction. *Stoughton* v. *Lynch*, 1 Johns. Ch. 467; *Crawshay* v. *Collins*, 15 Ves. 218; Collyer on Part. B. 2, ch. 2, §§ 182, 186.

But the referee does not find the net profits, or sufficient facts to determine them by calculation. It is found generally that Carpenter realized a profit by the use of the assets of the firm of Carpenter & Co., in the mercantile adventure of J. C. Jewell & Co.; that a dividend of such profits, of $8,000, was at one time declared, of which Carpenter received one-fourth; and that the gross profits of J. C. Jew-

ell & Co. were $24,900, i. e., that sales of goods exceeded purchases by that sum. But the expenses of conducting the business are not found. He finds that Carpenter is chargeable with a certain sum, and judgment was rendered accordingly. But the sum so found was too small, in consequence of the failure to charge Carpenter with profits derived by him from the use of the partnership assets in the mercantile business.

The appellant excepted to so much of the report of the referee as we have already said was erroneous, and moved for judgment upon the report, on the theory of charging Carpenter also with the profits made by him in the mercantile business. The exception and motion were overruled, and the question reserved under section 347 of the code. There was no motion by the appellant for a new trial, nor to set aside the report, though the latter motion was made by the appellee, and overruled. The referee was not required to, and did not, state the facts found and the conclusions of law separately. It seems to us that the court below rendered the only judgment which could have been rendered upon the report, and that the only remedy available to the appellant for the fault complained of, was to have moved to set aside the report. There were not facts enough found to form the basis of such a judgment as the appellant asked the court to render upon the report.

Though a question of law may be reserved for the decision of this court under section 347 of the code, yet, if it is expected to reverse the judgment upon it, it must generally be so presented below that that court could cure or avoid the error complained of by doing what the party moves it to do. This was not done in the present case. The report of the referee was very lengthy, and it seems to have escaped the notice of counsel below, as well as in this court, that it fails to find the net profits which Carpenter realized by investing the assets of the firm in the mercantile business. It must be apparent that the excess of sales of goods over their cost would form no proper basis for a judgment;

for these must be diminished by deducting the expenses of the enterprise, and may be still further reduced, and possibly entirely absorbed, by losses upon debts due for sales on credit, of which it appears by the report that a large sum is not collected.

The judgment is affirmed, with costs.

*H. Crawford*, for appellant.