STARNER, ADM'R, ET AL. v. THE STATE, EX REL. MORFORD.

PRACTICE.—*Question of Law Reserved.— New Trial.— Supreme Court.*— The Supreme Court can not review a question of law reserved during the trial of a cause, under section 347 of the practice act, unless the error complained of is made a ground of a motion for a new trial.

From the Knox Circuit Court.

*G. G. Reily* and *W. C. Johnson*, for appellants.

*H. S. Cauthorn* and *J. M. Boyle*, for appellee.

NIBLACK, C. J.—This was an action by the State, on the relation of Joseph B. Morford, trustee of the civil as well as the school township of Widner, in Knox county, against John Starner, administrator of the estate of Thomas F. Chambers, deceased, a former trustee of said township, on the official bond of said Chambers, and against Daniel P. Hollingsworth, John W. Robbins and Herman H. Wagner, the sureties on said bond.

On the trial of the cause, it was made to appear, that, at the time of the October election, in 1874, the said Chambers was the trustee of said township of Widner, and that, at that election, he was elected his own successor; that, on the 20th day of October, 1874, the said Chambers made a report to the board of commissioners of Knox county, showing the amount of school and other funds then in his hands, and on the same day executed, together with his sureties above named, the bond in suit, and entered upon his new term of office.

The report thus made by Chambers having been read in evidence, the defendants offered to prove, that a portion of the funds with which he had charged himself in said report was money which he had borrowed on his own personal credit, and for which his note was then still outstanding, thereby claiming that Chambers had erroneously accounted to the township for the money he had thus so borrowed.

The proposed testimony was excluded by the court, to which the defendants reserved an exception, and thereupon notified the court that they intended to take the question of law arising upon the exclusion of such testimony to the Supreme Court, upon a bill of exceptions only.

After hearing all the evidence, the court found, that there were balances of certain funds in the hands of Chambers, as trustee of said township, at the time of his

death in March, 1875, which had been unaccounted for, and rendered judgment against the defendants upon its finding.

This case comes to us, therefore, upon a question of law reserved under the 34th section of the code. 2 R. S. 1876, p. 177.

No motion, however, seems to have been made for a new trial, in the court below. It has been held by this court, and we think correctly, that a motion for a new trial is necessary, to enable this court to review a question of law arising upon the trial, like the one before us. *Love* v. *Carpenter*, 30 Ind. 284; *Garver* v. *Daubenspeck*, 22 Ind. 238; Buskirk's Prac. 71.

The rule is a general one, that, where an alleged error, occurring at the trial, is not made the ground of a motion for a new trial, it will not be considered on appeal to this court, and this rule, in our estimation, applies as well to questions of law reserved upon the trial, under section 347, *supra,* as to questions reserved upon the trial under the general rules of practice authorized by the code.

We see no ground for any discrimination between the two classes of cases.

We can not, consequently, review the proceedings below on this appeal.

The judgment is affirmed, at the costs of the appellants.