ROUSSEAU ET AL. *v.* COREY.

PARTITION.—*Action by Heirs to Obtain Title to Land.—Duress.—Fraud.— Husband and Wife.—Pleading.*—In an action by the heirs of a deceased married woman against the widower of the decedent, to enforce an alleged equitable title to the undivided two-thirds, and to obtain partition, of a certain tract of land, the legal title to which was in the husband, the complaint alleged, that, in the lifetime of the decedent, by means of threats and other coercive means made use of by him, and by false and fraudulent promises made by him, to invest the proceeds thereof in her name and for her benefit, she was prevailed upon and compelled to sell and convey certain real estate belonging to her to a third person, the proceeds of which were in a similar manner obtained by the defendant; and that he had purchased and obtained the conveyance to him of the tract in question against the will of the decedent.

*Held,* on demurrer, that, for want of an averment that the tract in question had been paid for with the proceeds of the decedent's lands, the complaint is insufficient.

PRACTICE.—*Appeal to Supreme Court on Questions of Law Reserved.— Evidence.—New Trial.*—Where no motion for a new trial has been made, no question is presented to the Supreme Court on appeal, on questions of law reserved, as to matters of evidence, under section 347 of the practice act.

From the Allen Circuit Court.

*L. M. Ninde,* for appellants.

*B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

NIBLACK, J.—This was an action by the appellants, against the appellee, to enforce an alleged equitable title to two undivided third parts of certain lands in Allen county, and to have partition of said lands, the appellee being the admitted owner of the remaining one-third part thereof.

The complaint was in three paragraphs.

A demurrer was sustained to the first paragraph, and issue was joined on the second and third paragraphs.

The jury, upon the trial, returned a verdict for the appellee, and judgment was rendered for him on the verdict.

The appeal to this court is prosecuted under section 347 of the code, upon some specially reserved questions, and error is assigned upon the sustaining of the demurrer to the first paragraph of the complaint, and upon certain questions of evidence arising upon the trial.

It was charged in the first paragraph of the complaint, that the appellants, Martha J. Rousseau, Hester A. Pearce, Lydia Simmerman, Louisa Corey, Caroline Corey and William Corey, were the children and heirs at law of Margaret Corey, then deceased, who, in her lifetime, and for many years immediately preceding her death, was the wife of the appellee, John N. Corey; that the said Margaret, after she became the wife of the appellee, was the owner of an eighty-acre tract of land in Whitley county, which the appellee by threats, intimidation and other coercive means, and by promises to reinvest the proceeds for her benefit, induced her to join with him in selling and conveying to one Owen Hatfield; that upon such sale and conveyance the appellee took possession of the proceeds of said tract of land, under the pretence that he intended to invest the same for the benefit of the said Margaret; "that, being so possessed of said purchase-money so received by him for said premises, and against her, the said Margaret's, consent, except only as it was extorted from her through fear of bodily harm, and by duress and false

promises, he, the appellee, of his own will, and regardless of said Margaret's said wishes, purchased of one David Cavin" two certain tracts of land in Allen county, describing them, and being the lands in suit in this action.

Wherefore the appellants prayed, that they might be decreed to be the equitable owners of two undivided third parts of the lands so purchased by the appellee from said Cavin, and that said two undivided third parts might be conveyed to them; also, that they might have partition of said lands and all other proper relief.

This first paragraph of the complaint was, we think, fatally defective in not averring that the appellee used the proceeds of his wife's lands in the purchase of the lands in suit.

The claim of the appellants was based entirely upon the theory that it was their mother's money with which the appellee purchased the lands sued for by them. The materiality, therefore, of an averment, in some sufficient form, that the purchase-money was furnished by her, will not, we presume, be seriously questioned.

The allegation that the appellee was in the possession of the proceeds of his wife's lands at the time of his purchase of lands of Cavin, and that such purchase was against his wife's wishes, could not, it seems to us, have been fairly construed to amount to an averment that he used his wife's money in making such purchase.

We are consequently of the opinion, that the court did not err in sustaining the demurrer to the first paragraph of the complaint.

No motion for a new trial was entered in the court below. The errors, therefore, assigned upon certain proceedings at the trial present no question for our consideration here. This rule of practice is as applicable to appeals like the one before us under section 347 of the code,

as it is to any other class of appeals.    *Starner* v. *The State,* *ex rel. Morford,* 61 Ind. 360.

No sufficient reason has been presented for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellants.