No. 9452.

## SMITH, ADMINISTRATOR, *v.* GOODWIN ET AL.

VENIRE DE NOVO.—*Special Finding of Facts.—Practice.*—If a special finding of facts and conclusions of law thereon do not find the facts, but merely state the evidence, a *venire de novo* should be awarded.

SAME.—For such a defective finding by the court, see opinion.

From the Boone Circuit Court.

*G. H. Goodwin* and *J. W. Clements,* for appellant.
*C. S. Wesner,* for appellees.

ELLIOTT, J.—The appellant filed a petition praying for the sale of real estate pursuant to the provisions of the will of Enoch Goodwin, deceased. The appellees answered the twenty years' statute of limitations, and also that they took possession of the land under an agreement with the testator in 1852, and have since continuously held possession; that the agreement was that if they would remove from the State of Kentucky, where they were then living, and clear up and improve the land, they should become the owners; that they fully performed all the terms of the agreement on their part. The appellant replied the general denial. A special finding of facts was made, and conclusions of law, which read as follows:

" I find that Enoch Goodwin, of the county of Nicholas, in the State of Kentucky, about the year 1850, became the owner, in fee simple, by purchase, of the west half of the northwest quarter of section thirty-five (35), in township nineteen (19) north, of range one (1) west, in Boone county, Indiana; that Ebenezer H. Williams and Elizabeth Williams were the daughter and son-in-law of the said Enoch Goodwin; that they lived in Lewis county, Kentucky, and, in the month of November, 1852, moved to Boone county, Indiana, and took possession of the land above described; that their entry upon and possession of said land were, at the time, without the knowledge or consent of the said Enoch Goodwin, and he knew nothing definitely of the fact until about one year afterwards, and that their possession and occupancy have been continuous from that time to the present; that, about two years after Williams had thus taken possession, Goodwin saw him; he requested to remain on the land two or three years, until he could look about. Goodwin consented, with the understanding that he was to deliver up possession at any time Goodwin requested it. Williams then proposed to pay the tax during the time he stayed on the land, to which Goodwin

consented, which he afterwards failed to do. Goodwin did not attempt to enforce the payment, but paid the tax himself a greater portion of the time.

"I further find that Goodwin did not intend to divest himself of the title to said land and vest it in Williams and wife, or either of them, and that they did not claim to him to be the owners thereof; that, at the February term, 1877, of the Boone Circuit Court, Goodwin brought his action against the defendants Williams, for the possession of said land, which action was dismissed and the present one was instituted; that Enoch Goodwin died in Nicholas county, Kentucky, on the — day of June, 1877, testate. In his will he nominated his son, Enoch Goodwin, his executor; that said Goodwin failed to qualify, and the plaintiff, James T. Smith, was duly appointed administrator, with the will annexed, of Enoch Goodwin, deceased; that, by the terms of said will, said land was to be sold by the executor, for the purpose of distributing the proceeds thereof among the persons therein named, and that this action is properly brought by plaintiff for that purpose.

"As conclusions of law upon the above facts, I find that the relation of landlord and tenant did not exist between Goodwin and the defendant Williams; that the possession of Williams was not under color of title, and was not adverse; that Goodwin, at any time he chose to exercise it, had the right of entry and possession; that his right of action accrued more than twenty years before his death, and before the commencement of this suit; that he slept upon his rights until barred by the statute of limitation; therefore, judgment for defendants, Ebenezer H. Williams and Elizabeth Williams."

The special finding before us is in many respects subject to criticism. Evidence is there stated in the place of facts, and where we should have the inferences from the evidence we have the evidence itself. It has been decided, over and over again, that the special finding should not set forth the evidence but should state the facts. The rule is a salutary one. A departure from it would, in many cases, result in a con-

fused blending of facts and evidence that would neither accurately exhibit the evidence nor justly set forth the facts, and lead to doubt and obscurity. In the case before us the appellant had a right to a finding, as a fact, upon the question whether the appellees were in possession under license from the testator, and acknowledging his title, or were holding under an adverse claim of title. Mere declarations such as those stated in the finding are evidence, but they are not facts within the meaning of the law governing special findings and special verdicts. It was the duty of the court to have examined all the evidence upon this point, as, of course, upon all the other material questions in the case, and from the evidence to have deduced and stated its conclusions. Conclusions or inferences from facts must be made and stated by the trial court, or the finding will, upon objection properly made, be deemed defective.

What purport to be conclusions of law in the case before us, are for the most part mere inferences of fact. Some of these inferences, if properly embodied in the finding of facts, must necessarily have exerted an important influence upon the case, but, when stated as conclusions of law, they are altogether out of place.

We think the appellant's motion for a *venire de novo* should have been sustained.

Judgment reversed.