Filed Dec. 9, 1887.

---

No. 13,884.

## Conner et al. *v.* The Town of Marion.

PRACTICE.—*Finding of Facts.— When Regarded as a General Finding.*—A finding made by the court upon the trial of a cause, no matter how full it may be, will be regarded on appeal as a general finding, unless the record shows that it was made in writing, at the request of one or both of the parties, and signed by the judge.

SAME.—*Reserved Questions of Law.—Causes for New Trial.*—Alleged errors occurring at the trial must be made grounds of a motion for a new trial, and this rule applies as well to questions of law reserved under section 630, R. S. 1881, as to questions reserved under the general rules of practice authorized by the code.

SAME.—*Questions Arising on Evidence.—Bill of Exceptions.*—Where, under section 630, R. S. 1881, the reserved question of law arises on evidence admitted at the trial, all the evidence which has any bearing upon the reserved question must be made part of the record by the bill of exceptions, to enable the Supreme Court to apprehend the particular question involved.

From the Grant Circuit Court.

*J. A. Kersey, L. D. Baldwin* and *C. L. Ratliff,* for appellants.

*J. L. Custer,* for appellee.

HOWK, J.—This was a suit by the incorporated town of Marion, as plaintiff, against the appellants, Sarah Conner and others, as defendants. In its complaint the town of Marion alleged that it was the owner and entitled to the possession of certain real estate, particularly described, in Grant county, in this State, and containing two acres; and that appellants claimed title to such real estate adversely to appellee, etc. Wherefore the town of Marion asked that its title to such real estate might be quieted, etc.

It is recited that four of the defendants, naming them, appeared and " separately answered the general denial, all the rest of said defendants being defaulted;" but no such answer appears in the record. Afterwards, on December 10th, 1886, three of the defendants filed what is called their cross-complaint against their co-defendants, and demanded that partition be made between them and their co-defendants of the real estate in controversy. Then there follows in the record what purports to be a copy of a deed executed by Martin Boots and Nancy, his wife, conveying to the board of commissioners of Grant county, and their successors in office, " for the use of a burying-ground for the citizens of Marion and vicinity, of the county of Grant," the same real estate described in plaintiff's complaint herein, and dated August 17th, 1839. The record then recites that the town of Marion and another " answered the general denial" to the cross-complaint, " and

the rest of the defendants thereto answered by confessions of its allegations." This is followed in the record by a writing, which is not signed or authenticated by any one, but it is described in the "marginal notes" of appellants' counsel as a "statement of the court." Immediately following this in the record is appellants' motion for a new trial, which was overruled, but no exception was saved to such ruling; and then followed the final judgment and decree of the court quieting the title of the town of Marion in and to the real estate in controversy, as prayed for in its complaint.

Upon the record of this cause, as thus made, seven errors have been assigned by the appellants. Three of these errors seem to have been assigned upon the theory that what is called, in the marginal notes upon the record, a "statement of the court," was in substance and might be regarded as a special finding of facts, under the provisions of section 551, R. S. 1881, which provides that, if one of the parties request it, " the court shall first state the facts in writing, and then the conclusions of law upon them." Each of the first three errors assigned begins as follows: "The court erred in its conclusion of law," etc. It is very clear, however, under our decisions, that what is called a " statement of the court," in the marginal notes, can not be regarded here as the trial court's special finding of the facts and its conclusions of law thereon, under the provisions of section 551, *supra.* Thus, we have often held that the finding of the court, upon the trial or hearing of a cause, no matter how full or extended it may be, will always be regarded here as a general finding, unless it be shown by the record that the finding was made in writing, at the request of one or both of the parties, and signed by the trial judge. *Caress* v. *Foster,* 62 Ind. 145; *Smith* v. *Tatman,* 71 Ind. 171; *Bake* v. *Smiley,* 84 Ind. 212.

There can be no doubt, we think, that appellants intended, in preparing the record of this cause, to reserve a "question of law decided by the court during the progress of the cause,

for the decision of the Supreme Court," under the provisions of section 630, R. S. 1881. This section of the statute is substantially, if not literally, a re-enactment of section 347 of the civil code of 1852. 2 R. S. 1876, p. 177. The so-called "statement of the court," which, as we have seen, was not signed by the judge nor authenticated in any manner, concluded as follows: " The court in deciding said cause ruled that the deed from said Martin Boots to said board of commissioners conveyed an absolute indefeasible fee simple estate, without possibility of reverter in said Martin Boots, or his heirs, the condition having been satisfied by the use of the land for a burying-ground for thirty years."

It is vigorously contended by appellee's counsel, that the question of law decided by the court below, which appellants attempted to reserve for the decision of the Supreme Court, is not so saved in and presented by the record of this cause as that, under the law, such question can be considered and decided here. This contention of counsel is founded in part, at least, upon the fact we have already noticed, in our statement of this case, that appellants saved no exception to the overruling of their motion for a new trial. In response to this contention, it is claimed by appellants' counsel that, in such a case as the one at bar, no motion for a new trial was necessary for the purpose of presenting a reserved question of law for the decision of this court. Upon this point this court has repeatedly held that, when the reserved question of law arises on the trial of the cause, a motion for a new trial is always necessary. *Garver* v. *Daubenspeck*, 22 Ind. 238; *Love* v. *Carpenter*, 30 Ind. 284; *Starner* v. *State, ex rel.*, 61 Ind. 360; *Rousseau* v. *Corey*, 62 Ind. 250.

In *Starner* v. *State, ex rel., supra,* the court said: " The rule is a general one, that, where an alleged error, occurring at the trial, is not made the ground of a motion for a new trial, it will not be considered on appeal to this court, and this rule, in our estimation, applies as well to questions of

Conner *et al. v.* The Town of Marion.

law reserved upon the trial, under section 347, *supra,* (section 630, R. S. 1881), as to questions reserved upon the trial under the general rules of practice authorized by the code."

We can not overrule or depart from the rule of practice declared in the cases cited. The rule has been recognized and acted upon by this court for many years; and where, as here, the point has been made and insisted upon, we have not found that any other or different rule of practice has been laid down or recognized in any of our decisions when the reserved question of law for decision here was attempted to be reserved on matters occurring at the trial.

It is also contended by appellee's counsel, that the question of law attempted to be reserved by the appellants is not properly presented for the decision of this court, because no bill of exceptions was filed containing the evidence introduced on the trial in relation to such question of law. This point is well taken, we think, and must be sustained. Giving the record of this cause the most liberal construction, it can not be correctly said, as it seems to us, that even the deed from Martin Boots to the board of commissioners, which the court below construed adversely to the claims of appellants herein, and which they ask us to construe on this appeal, was made a part of such record by a bill of exceptions, or in any other manner known to our law. Under section 630, *supra,* when a reserved question of law is taken to the Supreme Court upon a bill of exceptions, it is necessary that the bill be so made " that it will distinctly and briefly embrace so much of the record of the cause only and the statement of the court, as will enable the Supreme Court to apprehend the particular question involved." Where, as in this case, the reserved question of law arises on evidence offered and admitted on the trial, we are of opinion that all the evidence so admitted, which has any bearing upon the reserved question of law, must be made part of the record of the cause by the bill of exceptions, to enable this court to

apprehend the particular question involved. *Miller* v. *Seligman*, 58 Ind. 460.

The reserved question of law which we are asked to consider and decide, we think, is not properly presented for our decision by the record of this cause.

The judgment is affirmed, with costs.

Filed Dec. 10, 1887.