Shugart *et al. v.* Miles *et al.*

Filed Oct. 17, 1890.

## No. 14,967.

## SHUGART ET AL. *v.* MILES ET AL.

SPECIAL JUDGE.—*Bill of Exceptions.—Power to Sign After Expiration of Term.*—Where a special judge, acting under an appointment from the duly elected judge, rightfully grants leave to file a bill of exceptions and fixes a time within which it shall be filed, he may properly sign it after his term expires.

BILL OF EXCEPTIONS.—*Practice.—Section 630, R. S. 1881.—Reservation of Question of Law for Decision of Supreme Court.*—In order to reserve a question of law for the decision of the Supreme Court, under section 630, R. S. 1881, it is not necessary, where the rulings are made on the trial and duly excepted to, to notify the court at that time that the party intends to reserve the questions in the mode provided in said statute. It is sufficient if there is due exception at the time the ruling is made, and a declaration of intention to reserve questions is made, and notice of intention to appeal on those questions is given at the time the rulings upon which the questions arise are brought before the trial court for review. Such declaration must be sufficient to direct the attention of the trial court to the questions sought to be reserved, and to enable it to form a bill of

| 125 | 445 |
| 125 | 472 |
| 125 | 572 |
| 126 | 364 |
| 125 | 445 |
| 129 | 471 |
| 125 | 445 |
| 130 | 209 |
| 130 | 425 |
| 125 | 445 |
| 131 | 133 |
| 133 | 502 |
| 125 | 445 |
| 135 | 538 |
| 125 | 445 |
| 137 | 197 |
| 125 | 445 |
| 140 | 375 |
| 142 | 638 |
| 125 | 445 |
| 144 | 279 |
| 125 | 445 |
| 148 | 94 |

Shugart *et al. v.* Miles *et al.*

exceptions that will fully and clearly exhibit the rulings. *Drinkout* v. *Eagle Machine Works,* 90 Ind. 423, limited.

SAME.—*Section 630, R. S. 1881.— What held Compliance with.*—A bill of exceptions recited that when the jury in the cause returned into court their general verdict, and answers thereto, the plaintiffs filed a motion for a new trial, and reasons therefor, and thereupon notified the court that in case the motion for a new trial should be overruled they intended to take the question of law presented and reserved on the trial and set forth in the motion, to the Supreme Court upon a bill of exceptions only.

*Held,* that there was a sufficient compliance with the provisions of the statute (section 630, R. S. 1881), as to intention and notice.

SAME.—*Incorporation by Order of Court of Papers and Entries.—Oral Testimony.*—An order by the court that certain designated papers and entries in the cause and statements of the court be made a part of the bill of exceptions is sufficient, under section 630, R. S. 1881, to authorize the incorporation in the bill of the papers and entries designated, but not of oral testimony.

SAME.—*Presumption in Favor of Ruling of Trial Court.—How Overcome.*—In order to overcome the presumption in favor of the ruling of the trial court, the bill of exceptions must show that it contains all the evidence on the controverted point.

EVIDENCE.—*Record of Former Action.— When Admissible.*—It is not error to admit in evidence the record of a former action to contest a will where there is evidence tending to establish that the parties against whom it is offered participated in the former action, although not parties to the record.

From the Sullivan Circuit Court.

*G. G. Reily,* for appellants.

*J. E. McDonald, J. B. Elam, S. N. Chambers, W. R. Gardiner, J. T. Hays* and *B. M. Willoughby,* for appellees.

ELLIOTT, J.—The appellees assert that there is no bill of exceptions in the record, and in support of their position affirm that a judge acting under a special appointment from the regularly elected judge has no power to sign a bill of exceptions after the close of the term which he was appointed to hold. Decisions are referred to in which it is held that a judge can not sign a bill of exceptions after the expiration of his term of office. *Hedrick* v. *Hedrick,* 28 Ind. 291; *Smith* v. *Baugh,* 32 Ind. 163; *Ketcham* v. *Hill,*

42 Ind. 64; *Lerch* v. *Emmett*, 44 Ind. 331; *State, ex rel.,* v. *Murdock*, 86 Ind. 124; *Bowlus* v. *Brier*, 87 Ind. 391. These cases are not decisive of the question before us, for the question is, not as to what a judge whose official term has expired may do, but what a special judge acting under an appointment from the duly elected judge may do in cases tried by him. To give the cases cited controlling force in this instance, it is necessary to prove that a special judge who has heard the evidence in a cause and given judgment stands in the same position as a judge whose term of office has expired. We can perceive no tenable ground upon which to plant a conclusion that the positions are the same, nor is there such an analogy as compels us to apply the doctrine of the cases cited to the case now at our bar. The doctrine is not so commendable in itself as to induce us to extend it, for it does sacrifice, in some measure, at least, substance to technical consistency, since no one can doubt that it is only the judge who tries the cause that can give an accurate and intelligent bill of exceptions from his own knowledge, as any other must get his information at second hand. There is sound reason for liberality where the object is to secure a record of facts from a judge who has direct knowledge, but no reason for liberality where the sole object is adherence to imagined or real technical consistency. We decline to extend the doctrine of the former decisions.

Our Constitution expressly provides for the appointment of special judges. Constitution, section 10, article 7. By a long line of decisions this constitutional provision has been held to authorize the appointment of special judges by the regularly elected judge. When a person is put in the place of a judge the Constitution, as the source of judicial power, vests him with judicial functions and authority. *State, ex rel.,* v. *Noble,* 118 Ind. 350; *People, ex rel.,* v. *Maynard,* 14 Ill. 419. This constitutional investiture is so ample as to enable one who fills the position of a judge according to the provisions of the Constitution (and he can not rightfully fill the place

otherwise than in accordance with the Constitution), to discharge all the judicial duties pertaining to the place he occupies. To fully discharge his judicial duties, one who occupies the place of a judge by appointment made under the Constitution, and pursuant to the laws enacted by its authority, must have a right to settle and seal a bill of exceptions in a case tried by him, otherwise he can not fully perform the duties with which the Constitution vests him. Until a bill of exceptions is signed his duties are not fully performed. There is no break in the line of connection between the matters which occur during the time the special judge has full jurisdiction of the cause, and the signing of a bill of exceptions, for the reason that leave to take and file a bill must be asked and obtained at the time the rulings are made, and signing a bill tendered in compliance with the leave granted is no more than the legitimate consummation of the order which the special judge had full authority to make. None other than the special judge can rightfully make the order, and it is inseparably woven with the proceedings controlled and directed by him. The order of granting leave to file a bill, and the signing of the bill, are in effect but parts of one completed whole. Unless there be authority to complete what has been ordered the order is fruitless and vain. No order which a judge, regular or special, has authority to make, can be justly regarded as a mere barren declaration. To hold that the regular judge must sign the bill is to affirm that one judge, who has personal knowledge of the facts, shall make an order for the statement of those facts by another judge who personally knows nothing at all of the facts. Such a result is clearly opposed by reason and justice. Its vice is exposed in its intensity when it is brought to mind that the statements of a bill of exceptions import absolute verity. If our reasoning is not fallacious it would seem to logically follow from the premises it establishes that it is not within the power of the Legislature to deprive a judge, regular or special, who holds his

position under the Constitution and the laws, of the right to settle and sign bills of exceptions ordered in cases rightfully tried by him; but we need not go to the length of holding that the Legislature has no such power, nor do we, for, as we construe our statute, the Legislature, instead of denying the right of a special judge to sign a bill of exceptions, has impliedly declared that he has authority to do so. Our construction of the statute is that where a special judge is duly appointed to hold a part of a term his powers and duties in all cases tried by him are substantially the same as those of the judge elected in due course of law. In this conclusion we are supported by closely analogous cases. *Perkins* v. *Hayward,* 124 Ind. 445; *Staser* v. *Hogan,* 120 Ind. 207 (228); *Beitman* v. *Hopkins,* 109 Ind. 177 ; *Wilson* v. *Piper,* 77 Ind. 437 (440) ; *Lerch* v. *Emmett, supra.*

If our construction of the statute and our reasoning are correct, then there can be no doubt that where a special judge rightfully grants leave to file a bill of exceptions, and fixes a time within which it shall be filed, the bill, when signed and duly filed, becomes part of the record.

The second question presented for our consideration is whether the bill of exceptions and the record entries in this cause are so framed as to bring the case before us under the provisions of section 630 of the code of civil procedure. In other words, the question is whether the appellants have secured such a record as entitles them to have the questions of law considered by this court, under the provisions of that section, for it is only questions of law that can be thus presented, and they can only be presented as the statute directs. *Fouty* v. *Morrison,* 73 Ind. 333.

By our decisions and our rules we have already indicated that our judgment is that the statute should be liberally construed. *Mercer* v. *Corbin,* 117 Ind. 450 ; *Jones* v. *Foley,* 121 Ind. 180. For this conclusion there are sound reasons. The statute is in furtherance of justice—it is remedial; it tends

to simplify procedure; it lightens the burdens of litigants without injustice to any one, and, when properly followed, questions may be presented to this court unclouded by a mass of useless verbiage, and unobscured by voluminous matters of immaterial evidence. As we decide only questions of law, the clearer those questions are presented the better; and it is seldom that all the evidence is required to present such questions. But while this is true, it is also true that in the absence of countervailing facts the presumptions are in favor of the rulings of the trial court; and hence, the record must be so made up as to clearly show the rulings to exclude the presumption referred to, and to make it affirmatively appear that the rulings were harmful to the appellant. *Perkins* v. *Hayward, supra; Downs* v. *Opp,* 82 Ind. 166; *Indiana, etc., R. W. Co.* v. *Adams,* 112 Ind. 302; *Conner* v. *Town of Marion,* 112 Ind. 517. It is likewise true that in order to avail himself of the provisions of the statute referred to, the appellant must show that he notified the trial court that he desired to appeal under its provisions, and he must make the record show an appeal upon reserved questions of law. *Short* v. *Stutsman,* 81 Ind. 115; *McCoy* v. *State, ex rel.,* 121 Ind. 160; *Jones* v. *Foley, supra.* So, too, he must, where the questions arise upon the trial, bring them before the trial court for review. *Conner* v. *Town of Marion, supra,* and cases cited. Giving to the statute a liberal construction, and keeping in mind the decisions to which we have referred, we proceed to ascertain and decide whether the record is so made up as to bring the case within the provisions of the statute.

The bill of exceptions contains this recital: "Be it known that on the 9th day of June, 1888, the jury in the cause returned into court their general verdict, and answers thereto, and thereupon the plaintiffs filed their motion for a new trial herein, and reasons therefor, and the plaintiffs thereupon notified the court that in case the motion for a new trial should be overruled they intended to take the question of law presented and reserved on the trial and set forth in their motion,

to the Supreme Court upon a bill of exceptions only." This recital shows the intention to take the case up on a reserved question of law, and it shows, also, that the trial court was given timely notice of that intention. There was ample notice for the parties and the court to take steps to secure and frame the bill of exceptions, for the notice was given prior to the announcement of the ruling on the motion for a new trial. As the motion, with its accompanying reason, was presented at the time, the court and the parties had notice of the question of law upon which the appellants desired to obtain the judgment of the Supreme Court. We can conceive no valid reason why this declaration of intention was not effective, nor can we conceive of any reason why the course pursued was not a sufficient compliance with the provisions of the statute in so far as they concern the intention and notice. If no bill of exceptions had been allowed a different and much more difficult question would be presented; but a bill was allowed, and allowed upon the declaration and notice of the intention to take the case up on the reserved question of law.

It is, of course, necessary that in order to reserve a question of law under section 630, there must be an exception to the ruling at the time it is made, and the record must properly show the exception, but where the rulings are made on the trial and duly excepted to, it is not necessary at that time to notify the court that the party intends to reserve the questions in the mode provided in the statute under consideration. It is obvious that to hold that questions must be reserved at the time the ruling is made and exception noted would so cripple the statute as to defeat the principal object of its authors. This we are unwilling to do, nor could we do it without violating the cardinal rule that the legislative intention shall be given effect, as also the rule that remedial statutes shall be liberally construed. It may with safety and justice be adjudged upon this point that it is enough if there is due exception at the time the ruling is

made and a declaration of intention to reserve questions is made and notice of intention to appeal on those questions is given at the time the rulings upon which the questions arise are brought before the trial court for review. It is to be understood, of course, that such declaration must be sufficient to direct the attention of the trial court to the questions sought to be reserved, and to enable it to frame a bill of exceptions that will fully and clearly exhibit the ruling.

The decision in the case of *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423, was made upon section 650 of the code, and it is not of controlling influence here, but it is proper to say that some of the statements of the opinion in that case should be limited. The decision can not be regarded as sound if it is to be understood as holding that it is necessary in all cases where questions are sought to be presented on instructions to embody all the evidence in the bill of exceptions.

The motion for a new trial assigned a single cause, and it was ordered to be made part of the record, and it was at the time of the filing of this motion that the declaration of intention to reserve the question of law was made, and the notice was given of such intention, so that the parties and the trial court were fully and seasonably informed as to the ruling upon which the question was reserved. As the motion assigned a single cause for a new trial there could be no misunderstanding as to the ruling upon which the question was sought to be reserved, and we hold that the question sought to be reserved was properly brought to the attention of the trial court. We need not and do not decide what the rule would be where several causes for a new trial are assigned in the motion. But this much may be appropriately said that the object is not to be defeated by requiring an absolutely literal obedience to its requirement, for it is sufficient if there is a substantial compliance with its provisions.

In addition to the recital copied from the introductory part of the bill, it contains the following: "And in order

to enable the Supreme Court to apprehend the particular question, it is now ordered by the court that the following particular papers, entries in the cause, and statements of the court, be and the same are hereby made part of this bill of exceptions." This recital is followed by a designation of the papers and entries. We regard this as sufficient to authorize the incorporation in the bill of the papers and entries designated, but it was not sufficient to authorize the incorporation of parol testimony. Testimony can not be brought into a bill by such a direction. *Patterson* v. *Churchman*, 122 Ind. 379. But as there is some confusion in the record we will treat the parol testimony as in the bill lest we should be in error in regarding it as not before us. As the record comes to us the testimony seems to be embodied in the motion for a new trial and not elsewhere set forth, and if this be true it is not in the record.

Upon the hypothesis that the parol evidence is in the record, we shall consider the questions which remain undecided. As we have said, the motion for a new trial assigns a single cause, and that cause is that the court erred in admitting in evidence the record of a former action to contest the same will which is here the subject of controversy. The former action was, however, prosecuted in the names of parties other than those who are here appellants, and for that reason it is argued that it was error to admit the record in evidence. If we could declare, as matter of law, that the present parties are not, and could not be, affected by the former judgment, we should be able to sustain the contention of the appellants upon the face of the record, but this declaration can not be made. If the appellants participated in the management and control of the former case, then, although they were not parties, the judgment concludes them. *Montgomery* v. *Vickery*, 110 Ind. 211 ; *Burns* v. *Gavin*, 118 Ind. 320 ; *Palmer* v. *Hayes*, 112 Ind. 289 ; *Millikan* v. *City of Lafayette*, 118 Ind. 323 ; *Stoddard* v. *Thompson*, 31 Iowa, 80 ; *Cole* v. *Favorite*. 69 Ill. 457 ; *In re Ayers*, 123 U. S. 443.

There was some evidence tending to authorize the inference that the appellants aided in prosecuting the former action to contest the will, and this was sufficient to make the record a competent instrument of evidence. In admitting evidence the court decides no question of fact beyond the fact that there is such connecting evidence as makes the particular evidence proper for the consideration of the jury. *Pedigo* v. *Grimes*, 113 Ind. 148. The trial court instructed the jury that the record was not to be considered unless there was evidence showing that the appellants " substantially and actively participated " in the prosecution of the former action, and this certainly presented the question in as favorable a light as the appellants had a right to ask. It was not necessary, it may be added, to show by direct evidence that they took part in the former action; it was enough to prove such circumstances as fairly authorized the inference that they did take such part, for, in civil cases, conclusions may be inferred from facts established by a preponderance of the evidence. *Indianapolis, etc., R. R. Co.* v. *Collingwood*, 71 Ind. 476; *Louisville, etc., R. W. Co.* v. *Balch*, 122 Ind. 583, and cases cited.

From what we have said it affirmatively appears that there was evidence tending to establish the competency of the record, and it also appears that the court, by its instructions, placed the question fairly and correctly before the jury.

The burden of showing affirmatively that there was a harmful error, and of overcoming the presumption which prevails in favor of the regularity of the proceedings of the trial court, was, as we have seen, upon the appellants, and to do this it was necessary for the bill of exceptions to show that there was no evidence upon the controverted point reserved except such as the bill sets forth. *Mercer* v. *Corbin, supra ; Perkins* v. *Hayward, supra.* It can not be presumed for the purpose of aiding in the overthrow of the judgment, that there was no other evidence ; that must be made to appear by appropriate statements in the bill of exceptions. We

can not presume that there may not have been some other evidence upon the question than that embodied in the bill, for there is no statement clearly showing that there was none.

The presumption in favor of the rulings of the trial court may be overcome without embodying all the evidence in the bill of exceptions. It may be done by an affirmative statement that no other evidence upon the question reserved was given, or by a statement that the bill contains all the evidence given upon that question. No great strictness is required, but there must be some appropriate recital or statement fairly showing that the bill contains all the evidence respecting the question reserved. Nor is it always necessary to specifically set forth the evidence bearing upon the question, for in most cases, if, indeed, not in all, it will be sufficient to state in a general way the evidence or facts affecting the point brought in issue for the purpose of securing the judgment of this court.

Judgment affirmed.

Filed Oct. 17, 1890.