Hon. FRANK DALE, Chief Justice.
Hon. JOHN H. BURFORD,
Hon. HENRY W. SCOTT,
Hon. A. G. CURTIN BIERER,
Hon. JNO. L. M'ATEE,
} Associate Justices.

---

JOHN H. DeBERRY vs. GEORGE SMITH, *Sheriff*.

1. New Trial—*Motion*—No motion for a new trial having been filed, the only question for consideration by the court is whether the complaint filed states facts sufficient to constitute a cause of action.

2. Same—When an appellant seeks a reversal of a judgment rendered in a probate court, he must ask for a new trial in the court below before he is entitled to have its proceedings reviewed on appeal.

3. Probate Court—*Pleadings and Practice*—In all cases commenced in the probate court of this territory wherein the same exceeds the jurisdiction of justices of the peace, the pleadings and practice and proceedings in said courts, both before and after judgment, shall be governed by the chapter on civil procedure of the territory governing pleading and practice and proceedings in the district court.

*Error from the Probate Court of Cleveland County.*

Action in replevin, by John H. DeBerry against George Smith as sheriff, brought in the probate court of Cleveland county, to recover certain specific articles of personal property. Judgment rendered in

court below for the plaintiff.    From .this judgment, the defendant appeals.

Judgment of the lower court affirmed.

*Davidson & Hocker*, for appellant.
*Andrew Hutchin*, for appellee.

The opinion of the court was delivered by

SCOTT, J. :   This action was filed in the district court of Cleveland county, on the 6th day of November, 1892, by John H. DeBerry against George Smith as sheriff, who had levied on the property in controversy, in virtue of an execution issued on a judgment in favor of Westheimer & Sons, wholesale liquor dealers, and against the appellee.

The property levied upon was a saloon outfit, consisting of a bar, back-board, bar-fixtures, whisky, stoves, lamps and chairs, all of the alleged aggregate value of one hundred and sixty dollars ($160.00.)

The complaint also prays for judgment for two hundred dollars ($200.00) damages and alleges the property levied upon by the sheriff to be exempt, under section 4734, page 867, statutes of 1890.

After the usual and many unusual objections, motions and exceptions of the parties, the court rendered judgment in favor of the appellee, John H. DeBerry, for the return of the property, damages to the amount of twenty-five ($25.00) dollars and also attorney's fees for the same amount.

The defendant, George Smith, appealed on questions of law, and asks a reversal of the judgment.   No motion for a new trial was filed, and the sole question presented in the record for consideration in the absence of such motion, is, whether or not the complaint filed states facts sufficient to constitute a cause of action.   The complaint clearly states a cause of action, and the case is, therefore, left with us merely to discuss the question as to whether a party feeling him-

self aggrieved can avail himself of the right to relief in an appellate court, when he has failed to ask for a new trial below. This point can be disposed of briefly. A motion for a new trial is necessary. See Elliott's Appellate Procedure, § 242, page 203, which reads:

"The earlier cases were in conflict upon the question whether a motion for a new trial was, or was not necessary. This rule is in accordance with the wide reaching general principle, that a motion for a new trial is essential, in order to give the trial court an opportunity to review its rulings, and if need be, to correct errors into which it may have fallen. The rule is defensible upon the further ground, that a statutory provision is not to be isolated and detached from other provisions, but is to be considered in connection with them. The doctrine that all the statutory provisions upon the same general subject should receive consideration, if adhered to, tends to prevent discord and secure symmetry and harmony, so that the rule, as finally settled, has much to commend it."

See, also, *Kent vs. Lawson*, 12 Ind., 675; *Garver vs. Daubenspeck*, 22 Ind., 238; *State vs. Swartz*, 9 Ind., 221. *Starner vs. State*, 61 Ind., 360; *Rousseau vs. Carey*, 62 Ind., 250; *Conner vs. Town of Marion*, 112 Ind., 517; *Love vs. Carpenter*, 30 Ind., 284; *Shugart vs. Mile*, 125 Ind., 445. This court has likewise settled the same question in the case of *The Walter A. Wood Mowing and Reaping Company vs. A. A. Farnham*, 1 Oklahoma, page 375.

See § 2, Statutes of 1890, page 367, which provides:

"In all cases commenced in said probate courts, wherein the same exceeds the jurisdiction of justices of the peace, the pleadings and practice and proceedings in said courts, both before and after judgment, shall be governed by the chapter on Civil Procedure, of the territory governing pleadings and practice and proceedings in the district court."

Article 22, page 845. Statutes of 1890, provides grounds for a new trial, and, as suggested in the extract above quoted from Elliott's Appellate Procedure, statutory provisions for new trials should not be

isolated and detached from other provisions but should be considered in connection with them.

No motion for a new trial having been filed, as provided by law, it follows that the judgment of the lower court must be affirmed.

By the Court : It is so ordered.

All the Justices concurring.

January Term, 1894.