mentary capacity. If it withdraws from the jury other issues, it does so only by failure to mention them. The court was not required to bring forward into each succeeding statement all that had gone before.

The only criticism of the eighth instruction is based upon its relation to the evidence.

In the tenth instruction the jury were told that "the law presumes in favor of honesty and fair dealing, and whoever asserts the contrary must prove it to your satisfaction by a preponderance of the evidence". Appellants insist that this put upon them the burden of proving undue influence "beyond a reasonable doubt". The instruction required of appellants only "a preponderance of the evidence". The phrase "to your satisfaction" informed the jurors that they were the judges as to where the preponderance lay. If they were not satisfied that undue influence had been established by a preponderance of the evidence, they ought not to have found it.

Appellants urge that the court invaded the province of the jury in giving the sixteenth and last instruction. It is the usual formula advising the jury in regard to the circumstances they may consider in determining the credibility of the witnesses and the weight of the evidence.

Judgment affirmed.

---

## Cross v. Cross, Executor, et al.

[No. 18,930. Filed March 27, 1901.]

APPEAL AND ERROR.—*Reserved Questions of Law.—Practice.*—The rule that alleged errors occurring during the progress of the trial cannot be considered on appeal unless the same are presented to the trial court as a ground for a new trial applies to questions of law reserved upon the trial under §642 Burns 1894.

From the Rush Circuit Court. *Affirmed.*

*B. L. Smith, C. Cambern, D. L. Smith* and *G. W. Young,* for appellant.

*W. H. Martin, J. D. Megee* and *J. E. Watson,* for appellees.

Wilcox *v.* Bryant.

Monks, J.—Appellant brought this action to contest the will of Jacob Cross, deceased. This appeal was taken under §642 Burns 1894, §630 R. S. 1881 and Horner 1897, which provides for reserving questions of law decided by the court during the progress of the trial for the decision of the Supreme Court.

It is insisted by appellant that the court erred in giving certain instructions to the jury. No motion for a new trial was made in the court below. It is settled that unless an alleged error occurring during the progress of the trial is presented to the trial court as a ground for a new trial, the same can not be considered on appeal. The rule applies to questions of law reserved upon the trial under §642 (630), *supra*, as well as to questions reserved upon the trial under the general rules of practice authorized by the code. *Conner* v. *Town of Marion*, 112 Ind. 517, 520, 521; *Rousseau* v. *Corey*, 62 Ind. 250; *Starner* v. *State*, 61 Ind. 360; *Love* v. *Carpenter*, 30 Ind. 284; *Garver* v. *Daubenspeck*, 22 Ind. 238; Ewbank's Manual, §§44, 96, pp. 65, 66, 134.

Judgment affirmed.

---

## WILCOX *v.* BRYANT ET AL.

[No. 18,986.  Filed March 28, 1901.]

156  379
159  501
159  502

Intoxicating Liquors.—*License.—Remonstrance.—Two Years Limitation.—Constitutional Law.*—The provision of §9 of the act of 1895 (Acts 1895, p. 248), making it unlawful for the board of county commissioners to grant a license to sell intoxicating liquors within two years from the date of the filing of a remonstrance against the granting of a license to such applicant, is constitutional. *p. 381.*

Same.—*License.—Remonstrance.—Two Years Limitation.*—Where a remonstrance signed by a majority of the legal voters of the township was filed against the granting of a license to sell intoxicating liquors, the board of county commissioners had no power to grant the applicant a license during a period of two years from the date of such filing, and the fact that the reason given by the board for refusing the license was the insufficiency of the bond tendered by the applicant did not render the decision void. *pp. 381, 382.*